In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-348 CR


____________________



KEVIN D. FLOWERS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 78743






OPINION


 Kevin D. Flowers was charged with the aggravated assault with a deadly weapon
(a knife) of Lori Suzanne Cathey (Complainant), enhanced by two prior felony convictions.
 After trial by jury, Flowers was found guilty. At the punishment phase, Flowers entered
a plea of "true" to allegations of both prior felony convictions and was sentenced to thirty
(30) years' confinement in the Institutional Division of the Texas Department of Criminal
Justice. Flowers filed a motion for new trial, which was denied. He appealed, and raises
two issues: (1) that the State failed to prove venue of the criminal act charged; and (2) that
he received ineffective assistance of counsel. 

 Complainant testified that she was awakened after 11:00 p.m. with Flowers, her
former roommate, on top of her in her bed. She testified Flowers smelled of alcohol.
Flowers slapped Complainant with a baseball cap he was wearing, and threatened her with
a kitchen knife. Complainant's daughter was present in the house, and tried to enter the
locked bedroom. Complainant and her daughter were able to get away from Flowers, and
her daughter ran outside to a pay phone to call for help. Flowers got in his car and left,
yelling at Complainant that "[I]t ain't over yet, Bitch. You're still breathing." Venue

 In his first issue, Flowers contends that "The trial court erred and abused its
discretion by overruling Appellant's Motion for Instructed Verdict in that the State failed
to prove each and every element of its case as it relates to the indictment." The burden
of proof is on the State to establish venue by a preponderance of the evidence. Edwards
v. State, 97 S.W.3d 279, 285 (Tex. App.--Houston [14th Dist.] 2003, pet. ref'd)(citing
Black v. State, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983)). "Evidence is sufficient
to establish venue if 'from the evidence the jury may reasonably conclude that the offense
was committed in the county alleged.'" Edwards, 97 S.W.3d at 285 (quoting Rippee v.
State, 384 S.W.2d 717, 718 (Tex. Crim. App. 1964)). The indictment charged that the
offense was committed in Jefferson County. The record shows that during the State's
direct examination of Complainant, she testified she was living in Beaumont, on Cole
Road, in Jefferson County, Texas. All of the events in question occurred there. This is
sufficient for a reasonable trier of fact to conclude that venue has been proven by a
preponderance of the evidence. Issue One is overruled. 

Ineffective Assistance of Counsel 

 In his second issue, appellant contends that "Appellant was not afforded the
effective assistance of counsel as required by the Sixth Amendment to the United States
Constitution and Article 1, Section 10 of the Texas Constitution in that defense counsel
committed numerous errors that were both deficient and prejudicial to the outcome of the
trial and the cumulative effect of counsel's errors created uncertainty as to the reliability
of that outcome." (1) To prevail on a claim of ineffective assistance, "appellant must first
show that his counsel's performance was deficient. Specifically, appellant must prove, by
a preponderance of the evidence, that his counsel's representation fell below the objective
standard of professional norms. Second, appellant must show that this deficient
performance prejudiced his defense. . . . '[t]his means that the appellant must show a
reasonable probability that, but for his counsel's unprofessional errors, the result of the
proceeding would have been different.' A 'reasonable probability' is one sufficient to
undermine confidence in the outcome." Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim.
App. 2002) (footnotes omitted) (citation omitted) (citing Strickland v. Washington, 466
U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "Appellate review of defense
counsel's representation is highly deferential and presumes that counsel's actions fell
within the wide range of reasonable and professional assistance." Id. Appellant "must
prove, by a preponderance of the evidence, that there is, in fact, no plausible professional
reason for a specific act or omission." Id. at 836. The same standard applies to
consideration of alleged ineffective assistance at punishment as at trial. Hernandez v.
State, 988 S.W.2d 770 (Tex. Crim. App. 1999). (2) 

 Appellant first contends that counsel was ineffective at the guilt/innocence stage in
permitting the jury to hear evidence that he had committed a burglary, that he committed
an additional assault on Complainant, that he had a conviction in the State of Mississippi
for possession of a controlled substance, two prior felony convictions in Texas, and that
he was arrested for aggravated sexual assault of a 13-year-old female. The burglary and
assault were brought out in the State's direct examination of Complainant, to which no
objection was made; the other matters were brought out by defense counsel when
Appellant took the stand in his own defense. 

 It is well-settled that any claim of ineffective assistance must be firmly founded in
the record. See Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "Under
normal circumstances, the record on direct appeal will not be sufficient to show that
counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and
professional." Bone, 77 S.W.3d at 833. A motion for new trial may be filed and a
hearing held thereon to supplement the record to further demonstrate ineffective assistance. 
Wallace v. State, 75 S.W.3d 576, 589 (Tex. App.--Texarkana 2002), aff'd, 106 S.W.3d
103 (Tex. Crim. App. 2003). As in the Wallace case, a motion for new trial was filed
below, but it did not allege ineffective assistance of counsel. Id. at 589-90. We do not,
therefore, have any explanation from trial counsel in the record as to why these decisions
were made. Absent a record to indicate trial counsel's strategy and tactics, we may not
speculate as to why counsel chose to permit such evidence to come before the jury. See
Ex Parte Varelas, 45 S.W.3d 627, 632 (Tex. Crim. App. 2001); Gone v. State, 54 S.W.3d
27, 33-34 (Tex. App.--Texarkana 2001, pet. ref'd). This contention of ineffective
assistance is overruled.

 Flowers also contends on appeal that trial counsel was ineffective in failing to object
to testimony proffered by the State that purported to establish that the knife in question was
a deadly weapon, on the grounds that the police officer testifying was not properly
qualified as an expert witness. Detective/Sergeant Karen Froman of the Beaumont Police
Department, one of the investigating officers, testified that while the police were not able
to locate the actual knife used to threaten Complainant, she was able to testify, based upon
Complainant's description of the knife used, and her previous experience investigating
offenses involving the use of "steak knives or kitchen knives," that such a knife was
capable of causing death or serious bodily injury. See Tex. Pen. Code Ann. §
1.07(a)(17)(B) (Vernon Supp. 2004). 

 "When an ineffective assistance claim alleges that counsel was deficient in failing
to object to the admission of evidence, the defendant must show, as part of his claim, that
the evidence was inadmissible." Ortiz v. State, 93 S.W.3d 79, 93 (Tex. Crim. App.
2002), cert. denied, 71 U.S.L.W. 3531, 123 S.Ct. 1901, 155 L.Ed.2d 824 (2003). 
Appellant does not demonstrate the evidence was inadmissible. Accordingly, we cannot
say counsel's failure to object constituted ineffective assistance. This contention is
overruled.

 Flowers further alleges trial counsel was ineffective in failing to object to an alleged
misstatement of the law during voir dire. Appellant's brief does not state specifically how
the prosecutor misstated the law. In examining the voir dire record, we note that the
prosecutor stated that Flowers may be guilty of aggravated assault without actually
stabbing or cutting the complainant; that he may be guilty of aggravated assault by
threatening her with imminent bodily harm with a knife. The prosecutor then went on to
state that there were two ways to prove aggravated assault: one by threatening and one by
actually stabbing or cutting. 

 The aggravated assault portion of the Penal Code provides for two means by which
aggravated assault may be committed, both of which require, initially, an "assault" as
defined in Section 22.01: (1) by causing serious bodily injury to another, and (2) by using
or exhibiting a deadly weapon during the commission of the assault. Tex. Pen. Code
Ann. § 22.02(a)(1) and (2) (Vernon Supp. 2004). While it is true that, strictly speaking,
the prosecutor was not accurately stating the two means of committing aggravated assault,
he was accurately stating two means by which an "assault" (an essential element of
"aggravated assault") could be committed, i.e., by causing "bodily injury," or by
"intentionally or knowingly threaten[ing] another with imminent bodily injury, . . ." Tex.
Pen. Code Ann. § 22.01(a)(1) and (2) (Vernon Supp. 2004). See generally Edwards v.
State, 57 S.W.3d 677, 679 (Tex. App.--Beaumont 2001, pet. ref'd). We hold that the
prosecutor was accurately stating the law, and that the failure of trial counsel to object was
not ineffective assistance of counsel.

 Flowers contends his counsel should have objected to a statement in the prosecutor's
closing argument: "I'm afraid he's going to come in and kill me," attributed to
Complainant. He contends the statement "went to further bolster the alleged victims [sic]
position as a victim." Permissible areas of closing argument are: (1) summation of
evidence presented at trial; (2) reasonable deductions drawn from said evidence; (3)
answers to opposing counsel's argument; and (4) plea for law enforcement. Thompson v.
State, 12 S.W.3d 915, 920 (Tex. App.--Beaumont 2000, pet. ref'd). "Error results from
improper jury argument only if, examined in light of the entire record, the argument is
extreme, is manifestly improper, injects new and harmful facts into the case, or violates
a mandatory statutory provision." Brantley v. State, 48 S.W.3d 318, 330 (Tex. App.--Waco 2001, pet. ref'd). 

 Complainant testified that Flowers asked her, during their encounter, "Have you
ever wondered what it would feel like to be shot in the chest?"; that Flowers held the blade
of the knife against her nose; that Flowers held the knife to her face and that she was
scared for what Flowers might do to her; and after Flowers got in the car and was ready
to leave, he told Complainant "It ain't over yet, Bitch. You're still breathing." The
prosecutor's statement was not an unfair summation of the evidence and constituted
reasonable deductions from the evidence previously presented to the jury. Trial counsel
was not ineffective for failing to object to this argument.

 Flowers also contends that counsel was ineffective in failing to properly investigate
his case and prepare for trial. In order to establish that counsel was ineffective due to
failure to investigate, an appellant must state with specificity what such investigation would
have revealed, what specific evidence would have been discovered, and how the evidence
would have altered the outcome of the trial. See Rose v. Johnson, 141 F.Supp.2d 661, 691
(S.D. Tex. 2001). It must be established that an alleged breach of trial counsel's duty to
investigate resulted in an actual and substantial disadvantage to his defense. Id. at 692.
Flowers specifically points to trial counsel's failure at the punishment stage to discover that
one of the prior convictions used for enhancement, the conviction for unauthorized use of
a motor vehicle, had allegedly resulted in "shock" probation, making it not a final
conviction for purposes of enhancement. 

 Flowers relies upon Ex Parte Langley, 833 S.W.2d 141, 143 (Tex. Crim. App.
1992), a case decided under the standard of review in effect before the decision in 
Hernandez, 988 S.W.2d at 772. (3) Langley held that trial counsel's failure to investigate and
discover that a prior conviction being used for enhancement purposes by the State was, in
fact, an unrevoked probated sentence, which cannot be used for enhancement, (4) constitutes
ineffective assistance of counsel. Langley, 833 S.W.2d at 143. However, in Langley, the
trial court conducted an evidentiary hearing, and received documentary evidence that the
enhancement conviction probation had never been revoked. Id. at 142. . 

 In the present case, although a motion for new trial was filed, the motion did not
urge ineffective assistance of counsel at either guilt/innocence or punishment. In support

of the claim of ineffective assistance, Flowers filed a "Motion to Abate the Appeal," with
an attached document reflecting that Flowers was given "shock" probation on this
conviction and a docket sheet that does not reflect his probation was revoked. It is
undisputed that these documents were not presented to the trial court and are not contained
in the appellate record of this case. Courts of appeals are generally not permitted to
consider matters attached to motions or briefs as part of the record for the purpose of the
determination of alleged ineffective assistance. See Hernandez v. State, 84 S.W.3d 26
(Tex. App.--Texarkana 2002, pet. ref'd); Yarbrough, 57 S.W.3d at 616; James v. State,
997 S.W.2d 898, 901 n. 5 (Tex. App.--Beaumont 1999, no pet.); Tex. R. App. P. 34.1. 
 The record properly before this Court does not establish the prior conviction being
used for enhancement purposes by the State was, in fact, an unrevoked probated sentence. 
Accordingly, it has not been shown counsel was ineffective. Issue Two is overruled.

 The judgment of the trial court is affirmed. 


 AFFIRMED.



 ____________________________

 STEVE MCKEITHEN

 Chief Justice 


Submitted on March 24, 2004

Opinion Delivered April 21, 2004

Publish

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. The record shows that counsel on appeal and trial counsel were one and the same. 
While we recognize that such a situation presents the potential for conflict of interest, see
Yarbrough v. State, 57 S.W.3d 611, 616 (Tex. App.--Texarkana 2001, pet. ref'd), and
Prudhomme v. State, 28 S.W.3d 114, 120 (Tex. App.--Texarkana 2000, no pet.), we note
a hearing before the trial court in which Flowers was advised of such potential, and still
requested that trial counsel continue to be his attorney on appeal. 
2. Counsel for Appellant contends that proper standard of review for ineffective
assistance of counsel at punishment is found in Ex Parte Duffy, 607 S.W.2d 507 (Tex.
Crim. App. 1980), i.e., a "reasonably effective assistance of counsel" standard. Id. at
513. See also Ex Parte Cruz, 739 S.W.2d 53, 58 (Tex. Crim. App. 1987). Hernandez
specifically overruled Duffy and Cruz, 988 S.W.2d at 772, holding that the appropriate
standard of review of ineffectiveness at non-capital punishment is the two-pronged
standard, deficiency and prejudice, utilized in Strickland.
3. We observe that the punishment assessed was within the range for a repeat
offender. Arguably, the second prong of Hernandez would not be satisfied unless the
punishment assessed was outside the range for the offense with proof of a single
enhancement paragraph.
4. Only final convictions could be used for enhancement purposes. A conviction is
not final for enhancement purposes where the imposition of sentence has been suspended
and probation granted, unless the State alleges and proves that the probation has been
revoked. Ex Parte Murchison, 560 S.W.2d 654, 656 (Tex. Crim. App. 1978).