NO. 07-04-0240-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 4, 2005



______________________________




JOSHUA LUDY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64
TH DISTRICT COURT OF HALE COUNTY;



NO. A15179-0310; HONORABLE ROBERT W. KINKAID, JR., JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following appellant Joshua Ludy's plea of not guilty, a jury convicted him of
unauthorized use of a vehicle, sentenced him to two years confinement, and assessed a
$2,500 fine. In presenting this appeal, counsel filed an Anders (1) brief in support of a motion
to withdraw. We affirm and grant the motion to withdraw. 

 In support of his motion to withdraw, counsel certifies that he diligently reviewed the
record and, in his opinion, it reflects no reversible error or grounds upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967). In the brief accompanying the motion to withdraw, counsel reviews the evidence
introduced at trial, arguments, jury charge, objections made by trial counsel during the
underlying proceedings, the punishment hearing, and sentencing. He then concludes the
appeal is frivolous and without merit. In compliance with High v. State, 573 S.W. 2d 807, 813
(Tex.Cr.App. 1978), counsel discusses why, under the controlling authorities, there is no error
in the court's judgment. Counsel also demonstrates that he sent a copy of the brief to
appellant, and informed appellant that, in his view, the appeal is without merit. In addition,
counsel shows that he notified appellant of his right to review the record and file a pro se
response if he desires to do so. Appellant has not availed himself of that opportunity. 
Neither has the State favored us with a brief. 

 By his brief, counsel advances one arguable point of error. Specifically, he questions
whether the evidence is legally and factually sufficient to support appellant's conviction. He
then concludes, "the overwhelming weight of the evidence does not appear to require
reversal." We agree. It is a fundamental rule of criminal law that a defendant cannot be
convicted of a crime unless it is shown beyond a reasonable doubt that he committed each
element of the alleged offense. U. S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art.
38.03 (Vernon Supp. 2004-05); Tex. Pen. Code Ann. § 2.01 (Vernon 2003). In conducting
a legal sufficiency review, we must determine whether, after viewing the evidence in the light
most favorable to the prosecution, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318,
99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 ( 1979); Burden v. State, 55 S.W.3d 608, 612
(Tex.Cr.App. 2001). As an appellate court, we may not sit as a thirteenth juror, but must
uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum
of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). In measuring the
sufficiency of the evidence to sustain a conviction, we measure the elements of the offense
as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240
(Tex.Cr.App. 1997). 

 After conducting a legal sufficiency review, we may proceed with a factual sufficiency
review. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr. App. 1996). As an appellate court,
we view all the evidence in a neutral light, favoring neither party. Johnson v. State, 23
S.W.3d 1, 9 (Tex.Cr. App. 2000). We will set aside the verdict only if: (1) it is so weak as to
be clearly wrong and unjust; or (2) the adverse finding is against the great weight and
preponderance of the available evidence. Id. It is the exclusive province of the jury to
determine the credibility of the witnesses and the weight to be given their testimony, and
unless the record demonstrates a different result is appropriate, we must defer to the jury's
determination. Id. at 8. 

 On September 24, 2003, employees of Jack Morris Ford car dealership in Plainview
filed a stolen vehicle report with the local authorities. On September 25th an officer with the
Amarillo Police Department stopped appellant for driving the wrong way on a one-way street. 
Three other individuals were accompanying appellant in the car. The officer ran the
registration number of the vehicle appellant was driving on his in-car computer and
discovered that it had been reported stolen in Plainview. When the officer placed appellant
and the others under arrest for the theft of the car, appellant volunteered that his passengers
did not know the vehicle was stolen. One of the passengers, Jamie Aragon, testified that
after the police stopped them, she and the other passengers asked appellant if the car in
which they were riding was stolen. According to Jamie, appellant responded affirmatively,
then explained that he stole the car in Plainview. The owner of the dealership averred that
appellant did not have permission to drive the vehicle. One of the dealership employees told
the jury that "if someone were to take a vehicle from [his] business and drive it away," he
would have to drive it through Hale County. 

 Measuring the foregoing testimony against a hypothetically correct jury charge, we
conclude it established that appellant: (1) intentionally or knowingly operated (2) another's
motor-propelled vehicle (3) without the effective consent of the owner. See Tex. Pen. Code
Ann. § 31.07 (Vernon 2003). In reaching this conclusion, we are mindful of appellant's
primary defense that the State failed to prove beyond a reasonable doubt that he operated
the vehicle in Hale County. However, the burden of proof is on the State to establish venue
by a preponderance of the evidence. Black v. State, 645 S.W.2d 789, 790 (Tex.Cr.App.
1983). And, "[e]vidence is sufficient to establish venue if 'from the evidence the jury may
reasonably conclude that the offense was committed in the county alleged.'" Flowers v.
State, 133 S.W.3d 853, 856 (Tex.Cr.App. 2004) (quoting Rippee v. State, 384 S.W.2d 717,
718 (Tex.Cr.App. 1964). Here, the indictment charged that the offense occurred in Hale
County. Appellant's statement to Jamie established that he operated the vehicle there. 
Thus, the proof of appellant's guilt is not so obviously weak as to undermine confidence in
the jury's determination. See King v. State, 29 S.W.3d 556, 563. (Tex.Cr.App. 2000). Neither
do we find that the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof. Id. We agree with counsel that there exists on this record no arguable factual
or legal sufficiency ground of error.

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice

 

Do not publish.
1. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed.2d 493 (1967).