NO. 07-04-0240-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 4, 2005

______________________________

JOSHUA LUDY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 64
TH
 DISTRICT COURT OF HALE COUNTY;

NO. A15179-0310; HONORABLE ROBERT W. KINKAID, JR., JUDGE

_______________________________

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Following appellant Joshua Ludy’s plea of not guilty, a jury convicted him of unauthorized use of a vehicle, sentenced him to two years confinement, and assessed a $2,500 fine.  In presenting this appeal, counsel filed an 
Anders
(footnote: 1) brief in support of a motion to withdraw.  We affirm and grant the motion to withdraw. 

In support of his motion to withdraw, counsel certifies that he diligently reviewed the record and, in his opinion, it reflects no reversible error or grounds upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  In the brief accompanying the motion to withdraw, counsel reviews the evidence introduced at trial, arguments, jury charge, objections made by trial counsel during the underlying proceedings, the punishment hearing, and sentencing.  He then concludes the appeal is frivolous and without merit.  In compliance with High v. State, 573 S.W. 2d 807, 813 (Tex.Cr.App. 1978), counsel discusses why, under the controlling authorities, there is no error in the court's judgment.  Counsel also demonstrates that he sent a copy of the brief to appellant, and informed appellant that, in his view, the appeal is without merit.  In addition, counsel shows that he notified appellant of his right to review the record and file a 
pro se
 response if he desires to do so.  Appellant has not availed himself of that opportunity.  Neither has the State favored us with a brief. 

By his brief, counsel advances one arguable point of error.  Specifically, he questions whether the evidence is legally and factually sufficient to support appellant’s conviction.  He then concludes, “the overwhelming weight of the evidence does not appear to require reversal.”  We agree.  It is a fundamental rule of criminal law that a defendant cannot be convicted of a crime unless it is shown beyond a reasonable doubt that he committed each element of the alleged offense.  U. S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004-05); Tex. Pen. Code Ann. § 2.01 (Vernon 2003).  In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 ( 1979); Burden v. State, 55 S.W.3d 608, 612 (Tex.Cr.App. 2001).  As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). In measuring the sufficiency of the evidence to sustain a conviction, we measure the elements of the offense as defined by a hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240 (Tex.Cr.App. 1997). 

After conducting a legal sufficiency review, we may proceed with a factual sufficiency review.  Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr. App. 1996).  As an appellate court, we view all the evidence in a neutral light, favoring neither party.  Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr. App. 2000).  We will set aside the verdict only if:  (1) it is so weak as to be clearly wrong and unjust; or (2) the adverse finding is against the great weight and preponderance of the available evidence.  
Id
.  It is the exclusive province of the jury to determine the credibility of the witnesses and the weight to be given their testimony, and unless the record demonstrates a different result is appropriate, we must defer to the jury's determination.  
Id
. at 8. 

On September 24, 2003, employees of Jack Morris Ford car dealership in Plainview filed a stolen vehicle report with the local authorities.  On September 25
th
 an officer with the Amarillo Police Department stopped appellant for driving the wrong way on a one-way street.  Three other individuals were accompanying appellant in the car.  The officer ran the registration number of the vehicle appellant was driving on his in-car computer and discovered that it had been reported stolen in Plainview.  When the officer placed appellant and the others under arrest for the theft of the car, appellant volunteered that his passengers did not know the vehicle was stolen.  One of the passengers, Jamie Aragon, testified that after the police stopped them, she and the other passengers asked appellant if the car in which they were riding was stolen.  According to Jamie, appellant responded affirmatively, then explained that he stole the car in Plainview.  The owner of the dealership averred that appellant did not have permission to drive the vehicle.  One of the dealership employees told the jury that “if someone were to take a vehicle from [his] business and drive it away,” he would have to drive it through Hale County.  

Measuring the foregoing testimony against a hypothetically correct jury charge, we conclude it established that appellant: (1) intentionally or knowingly operated (2) another’s motor-propelled vehicle (3) without the effective consent of the owner.  See Tex. Pen. Code Ann. § 31.07 (Vernon 2003).  In reaching this conclusion, we are mindful of appellant’s primary defense that the State failed to prove beyond a reasonable doubt that he operated the vehicle in Hale County.  However, the burden of proof is on the State to establish venue by a preponderance of the evidence.  Black v. State, 645 S.W.2d 789, 790 (Tex.Cr.App. 1983).  And, “[e]vidence is sufficient to establish venue if ‘from the evidence the jury may reasonably conclude that the offense was committed in the county alleged.’”  Flowers v. State, 133 S.W.3d 853, 856 (Tex.Cr.App. 2004) (quoting Rippee v. State, 384 S.W.2d 717, 718 (Tex.Cr.App. 1964).  Here, the indictment charged that the offense occurred in Hale County.  Appellant’s statement to Jamie established that he operated the vehicle there.  Thus, the proof of appellant's guilt is not so obviously weak as to undermine confidence in the jury's determination.  
See
 King v. State, 29 S.W.3d 556, 563. (Tex.Cr.App. 2000).  Neither do we find that the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id
.  We agree with counsel that there exists on this record no arguable factual or legal sufficiency ground of error.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal.  
See
  Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).  We have found no such grounds and agree with counsel that the appeal is frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.åÅê Our sister courts have found at least two reasons for review of such orders by mandamus.  
See Office of Att’y Gen., 
No.
 
01-08-0670-CV, 2008 W.L. 5177170 at *7, 2008 Tex. App. Lexis 9228 at *21-22 (summarizing cases). 
 First, it is said an order of paternity testing is a discovery order the effects of which, if erroneously issued, may not be cured on ordinary appeal because of the sensitive and personal nature of the results.  
In re Att’y Gen. of Tex., 
195 S.W.3d at 270
.  Second, depending on the facts, revealing the results of genetic testing may cause irreparable harm in the child.  
Id.
; 
In re Rodriguez, 
248 S.W.3d at 454
.åãõ

NO. 07-08-0370-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 9, 2009

______________________________

IN RE C.S., RELATOR

_________________________________

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

OPINION

In this mandamus proceeding, relator C.S.
(footnote: 1) contends the trial court erred by setting aside an acknowledgment of paternity signed by real party in interest M.T., ordering C.S., her biological son Z. and M.T. submit to genetic testing, and failing to order the results of earlier private genetic testing destroyed.  Finding the record does not support the extraordinary relief C.S. seeks, we will deny her petition on each ground alleged. 

Background

Z. was born in May 2007, to C.S.  The following day, she and M.T. signed an acknowledgment of paternity for recording with the bureau of vital statistics.  It was recorded June 13.  In the acknowledgment, among other things, C.S. and M.T. declared under penalty of perjury that M.T. was the biological father of Z.  C.S. subsequently filed for divorce from M.T. alleging they were married “on or about July 7, 2007.”  In an amended answer filed May 14, 2008, M.T. challenged the acknowledgment of paternity on the ground of fraud, duress, or material mistake of fact.

Following an evidentiary hearing, the trial court signed an order finding M.T. signed the acknowledgment of paternity under a material mistake of fact.   It set aside the acknowledgment of paternity and further ordered genetic testing of Z., C.S., and M.T. nineteen days from the order date.  On the motion of C.S., we temporarily stayed the genetic testing, pending our consideration of her petition.
(footnote: 2) 

Discussion

A relator petitioning for relief by mandamus must show a clear abuse of discretion and the absence of an adequate remedy by appeal.  
In re Prudential Ins. Co. of Am., 
148 S.W.3d 124, 135-36 (Tex. 2004).  Mandamus is not a substitute for an ordinary appeal; rather, it is an extraordinary remedy available only in limited circumstances, and not for grievances that may be addressed by other remedies such as an appeal.  
Walker v. Packer, 
827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

A clear abuse of discretion requires proof that “‘the trial court could reasonably have reached only one decision,’ and that its finding to the contrary is ‘arbitrary and unreasonable.’”  
In re Dillard Dep’t Stores, Inc., 
198 S.W.3d 778, 780 (Tex. 2006) (orig. proceeding) (per curiam) (
quoting Walker, 
827 S.W.2d at 840).  An appellate court may not deal with disputed areas of fact in an original mandamus proceeding.  
In re Angelini, 
186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding).  Nor, in reviewing findings of fact in a mandamus proceeding, may an appellate court substitute its judgment for that of the trial court.  
Dillard Dep’t Stores, 
198 S.W.3d at 780.  
There is therefore no abuse of discretion if the trial court bases its decision on conflicting evidence and some evidence supports the trial court’s decision.  
In re Barber, 
982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding). 

The Acknowledgment of Paternity

In her first ground for relief by mandamus, C.S. contends the trial court erred by setting aside M.T.’s acknowledgment of paternity.  

Section 160.304 of the Family Code specifies that an acknowledgment of paternity becomes effective on the date of the birth of the child or the filing of the document with the bureau of vital statistics, whichever is later.  Tex. Fam. Code Ann. § 160.304(c) (Vernon 2002
).  “Except as provided by Sections 160.307 and 160.308, a valid acknowledgment of paternity filed with the bureau of vital statistics is the equivalent of an adjudication of the paternity of a child and confers on the acknowledged father all rights and duties of a parent.”  Tex. Fam. Code Ann. § 160.305(a) (Vernon 2002).

Sections 160.307 and 160.308 establish the process for rescinding and challenging an adjudication of paternity.  Section 160.307 provides in pertinent part that a signatory may rescind an acknowledgment of paternity by commencing a proceeding to rescind before the earlier of: (1) the 60th day after the effective date of the acknowledgment, as provided by section 160.304; or (2) the date of the first hearing in a proceeding to which the signatory is a party before a court to adjudicate an issue relating to the child, including child support.  
See
 Tex. Fam. Code Ann. § 160.307 (Vernon 2002).  Following the expiration of the period for rescission under section 160.307, a signatory may initiate a proceeding challenging the acknowledgment of paternity on the ground of fraud, duress or material mistake of fact. 
 See 
Tex. Fam. Code Ann. § 160.308(a) (Vernon Supp. 2008).  An adult signatory must initiate a proceeding challenging the acknowledgment “before the fourth anniversary of the date the acknowledgment . . . is filed with the bureau of vital statistics . . . .”  Tex. Fam. Code Ann. § 160.308(a) (Vernon Supp. 2008).
  Proof by genetic testing of the male signatory’s non-paternity constitutes a material mistake of fact under section 
160.308(a).  
See
 Tex. Fam. Code Ann. § 160.308(d) (Vernon Supp. 2008). 

As fact finder, the trial court heard and resolved contested testimonial and documentary evidence presented by M.T. and C.S.  To show the trial court’s resolution of these contested facts amounts to a clear abuse of discretion, C.S. must demonstrate from the record that the evidence runs only one way; 
viz., 
it is conclusive that M.T. did not sign the acknowledgment of paternity under the influence of fraud, duress or a material mistake of fact.  
See Dillard Dep’t Stores, 
198 S.W.3d at 780. 

According to the record evidence, prior to the birth of Z., C.S. informed M.T. of the possibility that he was not the father of Z. because of a sexual encounter she had with another man.  M.T. testified he wanted to be a father so when he heard the baby’s heartbeat and saw the sonogram he told C.S. they would work through the situation.  But C.S. agreed on cross-examination that between December 2006 and May 2007 she told M.T. “on numerous occasions” he was the father of Z.  And M.T. testified that in conjunction with doctor visits during her pregnancy C.S. told him, “‘I’m positive you are the dad.’”  According to M.T., throughout the pregnancy he believed the statements of C.S. that he was the father of Z.  And believing these representations, he signed the acknowledgment of paternity.  Under penalty of perjury C.S. and M.T. acknowledged M.T.’s parentage the day following the birth of Z.  

When taken as a whole, the record evidence, if believed, constitutes some evidence on which reasonable minds could disagree as to whether M.T. labored under a material mistake of fact when he executed the acknowledgment of paternity.  
See Merrell Dow Pharms., Inc. v Havner, 
953 S.W.2d 706, 711 (Tex. 1997) (some evidence, meaning more than a scintilla, exists when the evidence “rises to a level that would enable reasonable and fair-minded people to differ in their conclusions”).  In the face of some evidence, we may not say the trial court clearly abused its discretion in permitting M.T.’s challenge to the acknowledgment of paternity to go forward.  
See Walker,
 
827 S.W.2d at 839-40 (record must demonstrate trial court could have reached only one decision).  Accordingly, we deny C.S.’s first ground for mandamus relief.

Genetic Testing

C.S., secondly, seeks a writ of mandamus compelling the trial court to vacate its order requiring genetic testing of M.T., C.S. and Z.  The order of genetic testing remains stayed pending our consideration of C.S.’s petition.  

M.T. sought adjudication of the parent-child relationship and moved for genetic testing.  Subject to exceptions, Family Code § 160.502 requires a court to order genetic testing if requested by a party in a proceeding to determine parentage.
  Tex. Fam. Code Ann. § 160.502(a) (Vernon 2002). 
 

C.S. claims irreparable harm will result if genetic testing proceeds. 
 She relies on case law holding that a trial court abuses its discretion by ordering genetic testing when a child’s paternity has been legally established and a determination of parentage has not been set aside, citing 
In re Rodriguez, 
248 S.W.3d 444, 451 (Tex.App.–Dallas 2008, orig. proceeding)
 and 
In re Att’y Gen. of Tex., 
195 S.W.3d 264, 269 (Tex.App.–San Antonio 2006, orig. proceeding)
.
  
Those cases are to be distinguished.  In both, the party seeking genetic testing brought the proceeding outside the four-year statutory limitation period.  
Rodriguez 
involved a proceeding to adjudicate parentage brought by a presumed father later than four years after birth of the child, and the presumed father presented no evidence supporting the exception to the four-year time limitation under § 160.607(b).
  248 S.W.3d at 446; 
Tex. Fam. Code Ann. § 160.607 (Vernon Supp. 2008
).  In 
Att’y Gen. of Tex.
, a challenge to an acknowledgment of paternity was brought after the fourth anniversary of filing of the acknowledgment.  
195 S.W.3d at 266;
 Tex. Fam. Code Ann. § 160.308 (Vernon Supp. 2008)
.
(footnote: 3)  There, the court noted the acknowledgment challenger had “significant hurdles to overcome before his legal status as [the child’s] father can be set aside.”  
Id
. at 269-70.
(footnote: 4)     

In this record, no such impediment appears to M.T.’s suit seeking adjudication of parentage or his motion for genetic testing.  M.T.’s challenge to the acknowledgment of paternity was brought well within the time limitation, and we have found no abuse of discretion in the trial court’s determination to permit his challenge to go forward.  Nor does the record reflect an abuse of discretion by the trial court in its ordering of genetic testing of M.T., C.S. and 
Z.
(footnote: 5)  We deny C.S.’s second ground for mandamus relief and lift the stay of court-ordered genetic testing. 

Destruction of Private Genetic Testing Results

C.S. next requests we issue a writ of mandamus compelling the trial court to order the results of private genetic testing undertaken by M.T. in June 2008 destroyed.  In support of her argument that such an order is reviewable by mandamus, C.S. again relies on 
In re Rodriguez.  
248 S.W.3d 444
.  For the reasons we have discussed, 
Rodriguez
 does not provide support for C.S.’s contention.  There the trial court ordered immediate genetic testing on the request of a presumed father even though his proceeding to adjudicate parentage was not brought within the four-year statutory limitation period, and the presumed father failed to make even a prima facie case showing his entitlement to proceed with his untimely-brought proceeding.  
Id.
 at 453.  We do not find that at this juncture of the proceedings the trial court clearly abused its discretion by refusing to order destruction of private genetic testing results.

But even were we to assume for the sake of argument the trial court abused its discretion by signing the challenged order, the record must also show C.S. has no adequate remedy by appeal.  
The adequacy of appellate remedy is without “comprehensive definition.”  
Prudential, 
148 S.W.3d at 136.  Its determination necessitates a careful balance of jurisprudential considerations implicating both public and private interests.
(footnote: 6)  
See id.  
The analysis naturally includes whether the benefits to mandamus review are outweighed by the detriments. 
 See id. 
 An appeal is inadequate if a litigant is in danger of permanently losing substantial rights.  
In re Van Waters & Rogers, Inc., 
145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding).  That circumstance may arise if an appellate court would not be able to cure the error, the litigant’s ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record.  
Id.
 

The interlocutory order of the trial court of which C.S. complains merely forbids destruction of private genetic testing results obtained by M.T. in June 2008.  Nothing in the record before us shows that the alleged error could not be cured on appeal.  C.S.’s third ground for relief by mandamus is denied.

Conclusion

Having found C.S. has not demonstrated entitlement to extraordinary relief on the grounds alleged, we deny her petition for mandamus.
  This court’s stay of the trial court’s order of genetic testing is lifted.

James T. Campbell

Justice

FOOTNOTES
1:
See
 Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed.2d 493 (1967).

1:
2:
3:
4:
5:
6: