NO. 07-04-0240-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 4, 2005

_____

JOSHUA LUDY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15179-0310; HONORABLE ROBERT W. KINKAID, JR., JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following appellant Joshua Ludy's plea of not guilty, a jury convicted him of unauthorized use of a vehicle, sentenced him to two years confinement, and assessed a $2,500 fine. In presenting this appeal, counsel filed an *Anders*[1] brief in support of a motion to withdraw. We affirm and grant the motion to withdraw.

---

[1]*See* Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed.2d 493 (1967).

In support of his motion to withdraw, counsel certifies that he diligently reviewed the record and, in his opinion, it reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In the brief accompanying the motion to withdraw, counsel reviews the evidence introduced at trial, arguments, jury charge, objections made by trial counsel during the underlying proceedings, the punishment hearing, and sentencing. He then concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W. 2d 807, 813 (Tex.Cr.App. 1978), counsel discusses why, under the controlling authorities, there is no error in the court's judgment. Counsel also demonstrates that he sent a copy of the brief to appellant, and informed appellant that, in his view, the appeal is without merit. In addition, counsel shows that he notified appellant of his right to review the record and file a *pro se* response if he desires to do so. Appellant has not availed himself of that opportunity. Neither has the State favored us with a brief.

By his brief, counsel advances one arguable point of error. Specifically, he questions whether the evidence is legally and factually sufficient to support appellant's conviction. He then concludes, "the overwhelming weight of the evidence does not appear to require reversal." We agree. It is a fundamental rule of criminal law that a defendant cannot be convicted of a crime unless it is shown beyond a reasonable doubt that he committed each element of the alleged offense. U. S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004-05); Tex. Pen. Code Ann. § 2.01 (Vernon 2003). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light

2

most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 ( 1979); Burden v. State, 55 S.W.3d 608, 612 (Tex.Cr.App. 2001). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). In measuring the sufficiency of the evidence to sustain a conviction, we measure the elements of the offense as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.Cr.App. 1997).

After conducting a legal sufficiency review, we may proceed with a factual sufficiency review. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr. App. 1996). As an appellate court, we view all the evidence in a neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr. App. 2000). We will set aside the verdict only if: (1) it is so weak as to be clearly wrong and unjust; or (2) the adverse finding is against the great weight and preponderance of the available evidence. *Id*. It is the exclusive province of the jury to determine the credibility of the witnesses and the weight to be given their testimony, and unless the record demonstrates a different result is appropriate, we must defer to the jury's determination. *Id*. at 8.

On September 24, 2003, employees of Jack Morris Ford car dealership in Plainview filed a stolen vehicle report with the local authorities. On September 25th an officer with the Amarillo Police Department stopped appellant for driving the wrong way on a one-way street.

3

Three other individuals were accompanying appellant in the car. The officer ran the registration number of the vehicle appellant was driving on his in-car computer and discovered that it had been reported stolen in Plainview. When the officer placed appellant and the others under arrest for the theft of the car, appellant volunteered that his passengers did not know the vehicle was stolen. One of the passengers, Jamie Aragon, testified that after the police stopped them, she and the other passengers asked appellant if the car in which they were riding was stolen. According to Jamie, appellant responded affirmatively, then explained that he stole the car in Plainview. The owner of the dealership averred that appellant did not have permission to drive the vehicle. One of the dealership employees told the jury that "if someone were to take a vehicle from [his] business and drive it away," he would have to drive it through Hale County.

Measuring the foregoing testimony against a hypothetically correct jury charge, we conclude it established that appellant: (1) intentionally or knowingly operated (2) another's motor-propelled vehicle (3) without the effective consent of the owner. See Tex. Pen. Code Ann. § 31.07 (Vernon 2003). In reaching this conclusion, we are mindful of appellant's primary defense that the State failed to prove beyond a reasonable doubt that he operated the vehicle in Hale County. However, the burden of proof is on the State to establish venue by a preponderance of the evidence. Black v. State, 645 S.W.2d 789, 790 (Tex.Cr.App. 1983). And, "[e]vidence is sufficient to establish venue if 'from the evidence the jury may reasonably conclude that the offense was committed in the county alleged.'" Flowers v. State, 133 S.W.3d 853, 856 (Tex.Cr.App. 2004) (quoting Rippee v. State, 384 S.W.2d 717,

4

718 (Tex.Cr.App. 1964). Here, the indictment charged that the offense occurred in Hale County. Appellant's statement to Jamie established that he operated the vehicle there. Thus, the proof of appellant's guilt is not so obviously weak as to undermine confidence in the jury's determination. *See* King v. State, 29 S.W.3d 556, 563. (Tex.Cr.App. 2000). Neither do we find that the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Id*. We agree with counsel that there exists on this record no arguable factual or legal sufficiency ground of error.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

5