NO. 07-04-0113-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 4, 2005
_____

DONNIE LEWAYNE FOX,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B14,965-0305; HON. ED SELF, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant, Donnie LeWayne Fox, was convicted of the offense of evading arrest or detention in a motor vehicle. The two issues raised concern the legal and factual sufficiency of the evidence underlying the determinations not only that he committed the crime but also that he committed it in Hale County.[1] We affirm the judgment of the trial court.

---

[1]Appellant contends the trial court erred in overruling his motion for a directed verdict.

The standards by which we review claims of legal and factual insufficiency are well established. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Zuniga v. State,* 144 S.W.3d 477 (Tex. Crim. App. 2004), *Zuliani v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000) for an explanation of them.

Next, a person evades arrest or detention if he intentionally flees from a person he knows is a peace officer who is attempting lawfully to arrest or detain him. TEX. PEN. CODE ANN. §38.04(a) (Vernon 2003). Here, appellant questions the sufficiency of the evidence showing that he knew that a law enforcement officer was attempting to stop him. Because the evidence allegedly did not establish that fact, he purportedly could not be convicted of intentionally fleeing from the officer. With that said, we turn to the record before us.

Trooper Eustacio Galvan testified that on March 18, 2003, in the early afternoon, he received a report of a possible intoxicated driver of a white van proceeding down Interstate 27. He located the van in Abernathy, Texas, and while it was still within Hale County.[2] At the time, it was being driven erratically, that is, from the shoulder of the road across the lane towards the center line and back. The trooper also testified that "[*w]hen I first saw* the van – *the first thing we do is turn on our emergency lights*, our overheads, and that's just to get the driver's attention . . . [a]nd I turned on the emergency lights and I kept waiting for a response . . . ." (Emphasis added). He also said that he 1) pulled over to the center line so he could see the driver in the driver's side mirror and observed the driver look in his direction, 2) followed the driver for a mile or a mile and a half with still no response, and 3) then turned on his siren which is generally loud enough to be heard.

---

[2]The border between Hale and Lubbock Counties dissects Abernathy.

Appellant did not stop for several more miles, but when he did it was against a guardrail on an overpass. In all, the appellant traveled five to seven miles after the officer first turned on his lights in effort to detain him.

Knowledge that one is a peace officer attempting to detain or arrest a suspect can be established through circumstantial evidence. *Wright v. State,* 855 S.W.2d 110, 112 (Tex. App.–Houston 14th 1993, no pet.). The evidence here of the time of day, appellant's erratic driving, the use of lights and the siren, the distance traveled after activation of the officer's lights and siren, the officer's movement into the center of the roadway until he could see into appellant's rearview mirror and observation of appellant looking back in his direction is some evidence from which a rational jury could have found beyond a reasonable doubt that appellant knew a peace officer was attempting to stop him.[3] And, the insinuation that appellant's intoxication at the time precluded him from perceiving the officer falls short of causing us to question our confidence in the outcome of the proceeding when reviewing all of the evidence in a neutral light. In short, the evidence is legally and factually sufficient to establish that appellant evaded arrest as charged.

Regarding venue, that need only be established by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 13.17 (Vernon 2005). And, the evidence used to establish it may be either direct or circumstantial. *Black v. State,* 645 S.W.2d 789, 790 (Tex. Crim. App. 1983). Additionally, it is enough if it permits the factfinder to reasonably conclude that the offense was committed in the county alleged. *Sudds v. State,* 140

---

[3]Voluntary intoxication is not a defense to a criminal offense. TEX. PEN. CODE ANN. §8.04(a) (Vernon 2003).

S.W.3d 813, 817-18 (Tex. App.–Houston [14th Dist.] 2004, no pet.); *Flowers v. State,* 133 S.W.3d 853, 856 (Tex. App.–Beaumont 2004, no pet.).

As previously mentioned, the trooper testified that he located appellant in that part of Abernathy situated in Hale County. And, upon locating him, he activated his emergency lights. By enacting those lights, the trooper initiated his attempt to stop appellant while both he and appellant were in Hale County. And, given that attempting to stop the appellant is an element of the offense for which appellant was convicted, evidence appears of record from which a reasonable jury could rationally conclude that at least one element of the crime occurred in Hale County or within 400 yards of its boundary. And, that was enough to establish venue in Hale County and defeat any claim of legal insufficiency, and factual insufficiency as well when the finding is tested against all record evidence. TEX. CODE CRIM. PROC. ANN. art. 13.04 (Vernon 2005) (stating that an offense committed on the boundaries of two or more counties, or within 400 yards thereof, may be prosecuted in any one of such counties); *Schier v. State,* 60 S.W.3d 340, 344-45 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd) (stating that to satisfy venue when the general venue statute applies, the State must prove that at least one element of the crime occurred within the county); *see also Sudds v. State,* 140 S.W.3d at 817-18 (stating that venue determinations cannot be challenged on the basis of factual insufficiency).

Accordingly, we overrule each issue and affirm the judgment of the trial court.


Per Curiam

Do not publish.

4