Opinion filed June 15, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed June 15, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00174-CR 

                                                    __________

 

                               SHANE DOUGLAS RAINEY, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
County, Texas

 

                                                Trial
Court Cause No. CR16-992

 



 

                                                                   O
P I N I O N

 

Upon his open plea of guilty, the trial court
convicted Shane Douglas Rainey of aggravated sexual assault and assessed his
punishment at thirty years confinement. 
We affirm.

In his first and second issues on appeal,
appellant argues that the trial court erred in failing to grant his motion for
new trial.  Appellant contends that he
should have received a new trial because the State failed to comply with the
trial court=s
standing pretrial order and because the State failed to disclose exculpatory
evidence.  Both of appellant=s contentions involve the results of
appellant=s
polygraph examination. 








We review a trial court=s
denial of a motion for new trial under the abuse of discretion standard.  Charles v. State, 146 S.W.3d 204, 208
(Tex. Crim. App. 2004); Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App.
1995).  We do not substitute our judgment
for that of the trial court; but, rather, we decide whether the trial court=s decision was arbitrary or
unreasonable.  Charles, 146 S.W.3d
at 208; Lewis, 911 S.W.2d at 7. 
We must view the evidence in the light most favorable to the trial court=s ruling and presume that all
reasonable factual findings that could have been made against the losing party
were made against that losing party.  Charles,
146 S.W.3d at 208.  Thus, a trial court
abuses its discretion in denying a motion for new trial only when no reasonable
review of the record could support the trial court=s
ruling.  Charles, 146 S.W.3d at
208.

 On March
26, 1998, the trial court signed a AStanding
Pretrial Order in Criminal Cases.@  The order requires the State to provide the Aresults of any and all scientific tests
of whatever nature made by an [sic] State agency . . . the result of which
would in any manner be material to the guilt or innocence of the Defendant.@ 
The record shows that appellant agreed to take a polygraph examination
administered by Matthew Mull of the Texas Department of Public Safety.  Shortly after Sergeant Mull administered the
polygraph examination, appellant admitted committing the offense. Appellant
argues that the State failed to provide him with the results of the polygraph
in violation of the trial court=s
order.  Appellant also contends that, by
not providing the results, the State failed to disclose favorable evidence in
accordance with Brady v. Maryland, 373 U.S. 83 (1963).    

Suppression of exculpatory or even favorable
evidence to a defendant violates due process when the evidence is material to
either guilt or punishment.  Brady,
373 U.S. at 87.  To demonstrate a
violation of due process rights, the defendant must show the following:  (1) that the State failed to disclose
evidence; (2) that the evidence was favorable to the defendant; and (3) that
the fact that the evidence was not disclosed created a probability sufficient
to undermine the confidence in the outcome of the proceeding.  Ex parte Richardson, 70 S.W.3d 865,
870 (Tex. Crim. App. 2002). 








At the sentencing hearing, appellant=s trial attorney questioned appellant
about the circumstances of his taking the polygraph examination.  During the hearing on his motion for new
trial, appellant testified that Sergeant Mull informed him upon the completion
of the polygraph examination that he did not pass.  At that hearing, the prosecutor argued that
he discussed the polygraph examination with appellant=s
trial attorney.  The record does not establish
that the State failed to comply with the trial court=s
order to provide the results of all tests made by the State or that the State
failed to provide exculpatory evidence. 
Further, appellant has not shown that the results of the polygraph
examination were favorable or that the failure to disclose the results would
undermine the competence in the outcome of the proceeding.  

Moreover, the record does not show that appellant
objected at any time that the State failed to provide the results of the
polygraph examination.  Therefore,
appellant has not preserved this complaint for review.  Tex.
R. App. P. 33.1(a).  The trial
court did not abuse its discretion in denying appellant=s
motion for new trial.  Appellant=s first and second issues on appeal are
overruled.

In his third issue on appeal, appellant argues
that he received ineffective assistance of counsel.  To prevail on an ineffective-assistance-of-counsel
claim, the familiar Strickland v. Washington[1]
test must be met.  Wiggins v. Smith,
539 U.S. 510 (2003); Andrews v. State, 159 S.W.3d 98, 101‑02 (Tex.
Crim. App. 2005).  Under Strickland,
we must determine whether counsel=s
performance was deficient and, if so, whether the defense was prejudiced by
counsel=s
deficient performance.   Wiggins,
539 U.S. at 521; Strickland, 466 U.S. at 668; Andrews, 159 S.W.3d
at 101.  Appellate review of defense
counsel=s
representation is highly deferential and presumes that counsel=s actions fell within the wide range of
reasonable and professional assistance. Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002).  This
deferential standard applies to ineffective assistance that occurs during the
punishment phase of trial.  Flowers v.
State, 133 S.W.3d 853, 856 (Tex. App.CBeaumont
2004, no pet.).

Appellant specifically complains that his trial
counsel was ineffective in allowing evidence of the polygraph examination to be
admitted during the sentencing hearing. 
Because of their inherent unreliability and tendency to be unduly
persuasive, the existence and results of polygraph examinations are
inadmissible for any purpose in a criminal proceeding on proper objection.   Tennard v. State, 802 S.W.2d 678, 683
(Tex. Crim. App. 1990).  During the
sentencing hearing, appellant=s
trial counsel asked appellant whether a police officer asked him to take a
polygraph examination.  Appellant
testified that he agreed to take a polygraph examination and that, as a result
of the polygraph examination, he gave a voluntary statement.  








Appellant testified that he cooperated with the
police and that he voluntarily gave a statement in which he admitted his
involvement in the offense.  Appellant
further testified that he turned himself in to police after an arrest warrant
was issued.  Appellant has not shown that
the decision to admit that he voluntarily agreed to a polygraph examination was
not based upon trial strategy.   See
Stafford v. State, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991).  Moreover, appellant has not shown that he was
prejudiced by any deficiency in his trial counsel.  Appellant=s
third issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

June 15, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]Strickland v. Washington, 466 U.S. 668 (1984).