**Ex parte Gerald LANGLEY, Applicant.**

**No. 71258.**

Court of Criminal Appeals of Texas, En Banc.

June 17, 1992.

Joe E. Griffith, Crockett, for applicant.

B.N. "Tuck" Tucker, Prison Prosecutors Unit, Huntsville, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

OVERSTREET, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to the provisions of Article 11.07, V.A.C.C.P. Applicant presents a single allegation that he was denied effective assistance of counsel at trial.

### I.

### SUMMARY OF PROCEDURAL HISTORY

Applicant was charged by indictment with the offense of aggravated kidnapping, alleged to have been committed on or about

October 15, 1984. On January 9, 1986, applicant was convicted of aggravated kidnapping, in a trial by jury, in the 349th District Court of Houston County, Texas. After making findings that allegations of two prior felony convictions were true, the jury sentenced him to 25 years incarceration. The conviction and the sentence were affirmed on direct appeal. *Langley v. State,* 723 S.W.2d 813 (Tex.App.—Tyler 1987, pet. ref'd).

This Court remanded the application to the trial court to determine whether applicant's counsel was ineffective for failing to investigate a prior conviction for theft which applicant contends was unavailable for enhancement purposes because it was not shown to be final. In response, trial counsel filed an affidavit in which he stated that it was his objective to obtain the least possible sentence for applicant, and pointed out that the jury did indeed assess the minimum authorized by law. V.T.C.A. Penal Code, § 12.42(d). He opined that such "was a remarkable verdict" and "felt that he had accomplished an extraordinary result for the [a]pplicant." Counsel did not specifically address the issue of whether he had investigated the prior convictions. The trial court then conducted an evidentiary hearing at which applicant's trial counsel testified that he did not recall investigating applicant's prior convictions. He also indicated that he felt reasonably sure that he did not discuss with applicant the prospect that one of the prior conviction enhancement allegations was a "shock" probation sentence. Apparently, no findings of fact or conclusions of law were made after the hearing as the record before us does not include such.[1]

1. We note that the statement of facts from the evidentiary hearing indicates that the trial court was going to make such findings and conclusions, but apparently wanted to wait until it received out-of-county documentation regarding the alleged shock probation sentence so that such could be included in its findings and conclusions.

2. Applicant's other particular claims of ineffective assistance include averments that trial counsel: fell asleep while preparing applicant's

## II.

### APPLICANT'S CLAIM

Applicant asserts that had counsel investigated his prior conviction for theft, he would have discovered that applicant had been placed on "shock" probation which had never been revoked. Thus, he claims that the conviction was not final and was consequently unavailable for enhancement purposes. He asserts that counsel's failure to so investigate rendered his assistance ineffective.[2]

The enhancement allegation in question referred to a Wichita County conviction for the offense of theft from a person. The record includes a supplemental transcript which contains copies of relevant instruments regarding that prior conviction. Those instruments reflect that on September 11, 1979 applicant pled guilty before the court and punishment was fixed at three years confinement in the Texas Department of Corrections (hereinafter referred to as TDC); however imposition of sentence was suspended and applicant was placed on probation for three years. On October 14, 1980, the State filed a motion to revoke said probation. On May 29, 1981, an amended motion to revoke was filed. On September 24, 1981, that probation was revoked and on October 5, 1981, applicant was sentenced to confinement in TDC for "not less than two (2) years nor more than three (3) years[.]" Applicant filed a motion for "shock" probation pursuant to Article 42.12, § 3e, V.A.C.C.P. (now Article 42.12, § 6, V.A.C.C.P.) on January 11, 1982, followed by an amended motion on March 12, 1982. The trial court then entered a "Judgment of Shock Probation" on March 12, 1982. Said judgment suspended further execution of sentence and ordered that

defense, failed to properly prepare a defense and have a firm command of the facts, elicited harmful testimony, failed to object to purportedly fundamentally defective jury charges at both guilt/innocence and punishment, admitted guilt during closing argument, and failed to object to various prosecutorial jury arguments. We conclude that those bases for requested relief are without merit and accordingly deny the relief requested thereon.

applicant be placed on "shock" probation for three years. The record also contains a certified copy of a motion by the State seeking to withdraw its motion to revoke applicant's probated sentence, alleged to have been filed on July 23, 1982. An order by the trial court granting said motion, dismissing the motion to revoke, and ordering that applicant "be discharged" was filed on August 7, 1985. Thus the record indicates that the enhancement allegation in question did involve an unrevoked "shock" probation.[3]

## III.

## ENHANCEMENT VIA PROBATED SENTENCE

■ It is well-settled that a probated sentence is not a final conviction for enhancement purposes unless it is revoked. *Ex parte Murchison*, 560 S.W.2d 654, 656 (Tex.Cr.App.1978). When a defendant receives "regular" probation pursuant to Article 42.12, § 3, V.A.C.C.P., he is convicted and punishment is assessed. However, the imposition of that sentence is suspended, and the conviction does not become final for purposes of enhancement unless the probation is revoked. A successfully served probation is not available for enhancement purposes. In the case of "shock" probation, the defendant is also convicted, and punishment is assessed. However, sentence is imposed, but later the further execution of the sentence is suspended. Even if the defendant had received "regular" probation under Article 42.12, § 3, and had that probation revoked, he is still eligible for "shock" probation. *Houlihan v. State*, 579 S.W.2d 213, 218 (Tex.Cr.App.1979). In "shock" probation, when further execution of the sentence is suspended, the conviction becomes non-final for purposes of enhancement, and will not become final for such purposes unless

revoked. *Rodgers v. State*, 744 S.W.2d 281 (Tex.App.—Fort Worth 1987, pet. ref'd.).

## IV.

## EFFECTIVENESS OF COUNSEL

■ The standard for evaluating a non-capital punishment phase ineffective assistance of counsel claim is the reasonably effective assistance standard of *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980). *Craig v. State*, 825 S.W.2d 128 (Tex.Cr.App.1992). Therefore, the test for effectiveness of counsel in the punishment phase of a non-capital offense is whether the applicant received reasonably effective assistance of counsel, i.e. whether counsel was reasonably likely to render effective assistance and whether counsel reasonably rendered effective assistance. *Id.; Ex parte Walker*, 794 S.W.2d 36, 37 (Tex.Cr.App.1990).

■ Counsel has a duty to make a proper investigation and prepare for trial. *Ex parte Dunham*, 650 S.W.2d 825 (Tex.Cr.App.1983). This duty includes investigating a defendant's prior convictions. *Ex parte Poole*, 738 S.W.2d 285 (Tex.Cr.App.1987). At the evidentiary hearing in the instant cause, as noted above, applicant's trial counsel testified that he did not recall investigating applicant's prior convictions and also acknowledged that he felt reasonably sure that he did not discuss with applicant the prospect that one of the prior conviction enhancement allegations was a "shock" probation sentence. Even though the order granting "shock" probation may, or may not, have been included in the pen packet purportedly introduced by the State at the trial on the merits, the fact that applicant was either still on probation or had successfully completed his probation at the time of trial would have been easily discovered by the most cursory investigation.[4] Therefore, had counsel investigated,

---

3. We also note that at the hearing on the writ application, applicant testified that "shock" probation had never been revoked and that the probationary term had expired. Such testimony was not challenged by the State.

4. We observe that the record before us does not include any of the record from the trial on the

merits. However, at the evidentiary hearing when the trial court inquired about what the pen packet said with regard to the shock probation, applicant stated that "[t]he judgment of shock probation wasn't in the pen pack." Applicant then responded affirmatively when the trial court asked if the pen packet had "simply

he would have discovered that applicant's theft conviction had resulted in an assessment of "shock" probation from which he had been ordered discharged.

## V.

### CONCLUSION

We are certainly mindful of trial counsel's claims regarding applicant's receipt of the minimum 25 year sentence as being a "remarkable verdict" and an "extraordinary result[,]" particularly in light of the facts of the offense as detailed in *Langley v. State*, 723 S.W.2d 813 (Tex.App.—Tyler 1987, pet. ref'd). However, had the enhancement allegation in question been properly challenged, the minimum possible sentence would have been even more minimal, i.e. 15 years rather than 25 years per V.T.C.A. Penal Code, § 12.42(c). We also note that at the evidentiary hearing, trial counsel testified that the only thing that he regretted about this case was that applicant did not get sentenced to less time than he did, but that it was "strictly because the statute would not allow him to have less time." He explicitly stated that he thought that "the jury would have been disposed to have granted [applicant] less time ... had that been the law[,]" but added that "as it was, they did give him the minimum sentence in that regard." Regardless of the degree of skill demonstrated in securing the minimum sentence in such a case, failing to appropriately challenge the enhancement allegation so as to insure that the correct minimum punishment was available was not effective assistance.

We conclude that applicant was denied effective assistance of counsel in the punishment phase of his trial when trial counsel failed to adequately investigate his prior conviction and discover that applicant had been granted "shock" probation which had not been revoked. *Ex parte Felton*, 815 S.W.2d 733, 736 (Tex.Cr.App.1991); *Ex parte Scott*, 581 S.W.2d 181, 182 (Tex.Cr.App.1979).

Applicant's claim regarding ineffective assistance at punishment is sustained. Accordingly applicant's sentence is set aside and we remand the cause to the trial court for appropriate action pursuant to Article 44.29(b), V.A.C.C.P. *Ex parte Sewell*, 742 S.W.2d 393, 397 (Tex.Cr.App.1987) (Opinion on Rehearing); *Ex parte Klasing*, 738 S.W.2d 648, 650 (Tex.Cr.App.1987) (Opinion on Rehearing). Applicant is hereby remanded to the custody of the Sheriff of Houston County for action consistent with this opinion. A copy of this opinion will be forwarded by the Clerk of this Court to the Texas Department of Criminal Justice, Institutional Division.

It is so ordered.

McCORMICK, P.J., concurs in result.

MALONEY, J., not participating.

CAMPBELL, Judge, concurring.

At the time of applicant's trial, it was already settled law that a probated sentence was not a final conviction. In addition, several years prior to applicant's trial for the instant offense, this Court held that a Virginia conviction, which involved partial imposition and partial suspension of the execution of a sentence, was not shown by the State to be final, rendering it unavailable for enhancement. *Diremiggio v. State*, 637 S.W.2d 926, 928 (Tex.Cr.App. 1982). This Court also suggested that, although alien to Texas law the Virginia procedure appeared to be analogous to our shock probation. *Id.*, at n. 6.

Thus I concur in the result reached by the majority.

Joined by BENAVIDES, J.

---

start[ed] at the judgment; when [he] was sent down, not when [he] w[as] let out on proba-

tion[.]" Nothing in the record disputes that assertion.