Michael N. LAURANT, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–95–00539–CR.

Court of Appeals of Texas,
Houston (1st Dist.)

May 23, 1996.

Brian W. Wice, Houston, for Appellant.

John B. Holems, Jr., Sandra J. Pomerantz, Rick Molina, Houston, for Appellee.

Before MIRABEL, COHEN and ANDELL, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of possession with intent to deliver cocaine weighing four grams or more but less than 200 grams.[1] After appellant pleaded "true" to two enhancement paragraphs, the trial judge assessed punishment of 30 years in prison. We affirm.

---

1. *See* TEX HEALTH & SAFETY CODE ANN. § 481.115(d)    (Vernon Supp.1996).

In his first point of error, appellant asserts the trial judge erred by overruling his pretrial motion to suppress the cocaine. Appellant did not obtain a ruling on the motion before trial.

■ At trial, three officers testified at length, without objection, about appellant's key box and the cocaine it contained. Appellant then objected as follows:

> COUNSEL: I have—uh—an objection to the admission of this black box because we only have the testimony of one officer saying that this black box belonged to my client; and he also testified that he didn't get it from my client. And—uh—I'd like to object to the admission of the black box and the contents in the plastic bag that the black box is in.

Appellant's objection was untimely. To be timely, an objection must be raised at the earliest opportunity or as soon as the ground of objection becomes apparent. *Martinez v. State,* 867 S.W.2d 30, 35 (Tex.Crim.App. 1993), *cert. denied,* — U.S. ——, 114 S.Ct. 2765, 129 L.Ed.2d 879 (1994). Appellant did not object until three officers testified extensively about the cocaine. Moreover, appellant's point of error on appeal, illegal search and seizure, differs from his trial objection, which said nothing on that subject. *See Turner v. State,* 805 S.W.2d 423, 431 (Tex.Crim. App.), *cert. denied,* 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). Thus, nothing is presented for review.

Point of error one is overruled.

In his second point of error, appellant asserts his lawyer was ineffective during the punishment stage of his trial because he failed to object to a prior conviction used to enhance his punishment. Appellant argues the prior conviction is invalid because the judgment shows that appellant neither had nor waived counsel in that case. In that judgment, the space labelled "Attorney for Defendant" is blank, and the space labelled "Waived Counsel" is blank. Below these blanks, the judgment recites in pertinent part that "the Defendant named above appeared in person and either by counsel **as named above** or knowingly, intelligently and voluntarily waived the right to representation

by counsel **as indicated above . . . .**" (Emphasis added.)

■ Counsel must investigate prior convictions alleged for enhancement. *Ex parte Langley,* 833 S.W.2d 141, 143 (Tex.Crim.App. 1992). The "reasonably effective assistance" standard does not mean errorless counsel, nor counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. *Ex parte Felton,* 815 S.W.2d 733, 735 (Tex. Crim.App.1991). We must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that the challenged action might be considered sound trial strategy. *Ex parte Kunkle,* 852 S.W.2d 499, 505 (Tex.Crim.App.), *cert. denied,* 510 U.S. 840, 114 S.Ct. 122, 126 L.Ed.2d 87 (1993). Moreover, claims of ineffective assistance of counsel must be firmly grounded in the record. *Mercado v. State,* 615 S.W.2d 225, 228 (Tex.Crim.App.1981). The appellate record must affirmatively demonstrate counsel's ineffectiveness. *Ex parte Ewing,* 570 S.W.2d 941, 943 (Tex.Crim.App. [Panel Op.] 1978).

■ Here, the record does not affirmatively demonstrate counsel's ineffectiveness. We know little about counsel's performance at the punishment stage. We do not know whether counsel investigated the prior conviction, whether he knew the law applicable to it, or why he did not object, because the issue was not aired at a motion for new trial hearing. Given a silent record, we must presume that counsel had a trial strategy explaining the lack of objection, if one is conceivable. One is. Counsel may have checked the file of the prior conviction and found, as one would expect in a criminal case tried in Harris County in 1991, that appellant had or waived counsel, contrary to the unchecked blanks on the preprinted judgment. Moreover, counsel may have concluded that the file in that case was also readily available in the Harris County District Clerk's office for the prosecutor to use to overcome the objection. Finally, counsel could have concluded that putting the prosecutor through this effort might inspire the prosecutor to seek harsher punishment against appellant.

Appellant's authorities are distinguishable. In *Langley,* counsel did not object to a non-final conviction used to enhance the applicant's punishment. *Langley,* 833 S.W.2d at 142–43. Unlike here, a hearing was conducted and testimony was received from the applicant's trial counsel. *Id.* at 142. Based on counsel's testimony, the Court of Criminal Appeals concluded that counsel had not properly investigated applicant's prior convictions. *Id.* at 143–44. Similarly in *Felton,* counsel did not object to a void prior conviction used to enhance the applicant's punishment. *Felton,* 815 S.W.2d at 734. Again unlike the instant case, a hearing was conducted and testimony was received from the applicant's trial counsel. *Id.* at 734–35. Based on counsel's testimony, the court held that counsel failed to adequately investigate the applicant's prior conviction and failed to know the law to be applied to that prior conviction. *Id.* at 736.

Here, because no hearing was held at which counsel could have explained his actions, as counsel in *Langley* and *Felton* did, the record is insufficient to prove that counsel failed to adequately investigate the prior conviction.

The second point of error is overruled.

The judgment is affirmed.