# MEMORANDUM OPINION

No. 04-07-00701-CR

Andrew **JARAMILLO**,
Appellant

v.

**STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-0759C
Honorable Mary Roman, Judge Presiding

Opinion by:    Alma L. López, Chief Justice

Sitting:    Alma L. López, Chief Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  June 18, 2008

AFFIRMED

Andrew Jaramillo was convicted by a jury of aggravated robbery and sentenced to fifteen years imprisonment.  Jaramillo contends his counsel was ineffective by failing to discover Jaramillo had prior convictions in New Mexico and allowing the details of those convictions to be introduced during the punishment phase of the trial through Jaramillo's own testimony.  We affirm the trial court's judgment.

**BACKGROUND**

Ron McKinney was walking home from the River Center Mall. A gold car, in which Jaramillo was a passenger, circled McKinney several times then parked behind a building. Two men exited the car and approached McKinney on foot. Both men demanded McKinney's belongings while one of the men pointed a gun at McKinney. McKinney surrendered his wallet, his jewelry, and the wallet and mobile phone of a friend, then fled the scene on foot. After McKinney reported the robbery, the 911 operator broadcast McKinney's description of the suspects. Patrol officers spotted a gold car matching the description given by McKinney, and a chase ensued. Eventually, the gold car stopped, and Jaramillo was taken from the backseat at gunpoint and arrested. McKinney's wallet was found in the car, and his silver cross was found in Jaramillo's pocket. McKinney identified Jaramillo as the one of the two men who robbed him.

Before trial, Jaramillo signed a Written Sworn Motion for Community Supervision "indicating that he had never been convicted of a felony in this or any other state." At trial, the jury convicted him of aggravated robbery. After conferring during the punishment phase, the State and defense counsel stipulated to an affidavit evidencing two prior felony convictions against Jaramillo in New Mexico. At that point, Jaramillo asked to testify so he could explain to the jury that he thought the convictions had been removed from his record because he completed the requirements of his plea bargain. Because the convictions were still on his record, Jaramillo abandoned his application for community supervision. Following Jaramillo's testimony, the judge explained to the jury that the range of "punishment for aggravated robbery is confinement in the Texas Department of Criminal Justice Institutional Division for life or any term of not more than 99 years or less than 5 years." The jury assessed punishment at fifteen years confinement.

## STANDARD OF REVIEW

A defendant is entitled to effective assistance of counsel under both the United States and Texas Constitutions. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.051 (Vernon Supp. 2007). To prove ineffective assistance of trial counsel on appeal, an appellant must show: (1) counsel's assistance fell below an objective professional standard; and (2) counsel's actions thereby prejudiced appellant's defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Appellant must prove, by a preponderance of the evidence, that but for counsel's error, the outcome of his trial would have been different. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

In reviewing an ineffective assistance of counsel claim, we consider the totality of counsel's representation in light of the particular circumstances of the case and presume that counsel acted competently and made decisions based on a reasonable trial strategy. *See Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). To rebut this presumption, the basis for any allegation of ineffectiveness must be affirmatively founded in the record. *Thompson*, 9 S.W.3d at 813. Counsel for the defendant has a duty to prepare a defense by independently investigating the facts of the case as well the pertinent law. *Butler v. State*, 716 S.W.2d 48, 54 (Tex. Crim. App. 1986). "This duty includes investigating a defendant's prior convictions." *Ex parte Langley*, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992). Although defense counsel may determine certain investigation is strategically unnecessary, "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691.

It is very difficult for an appellant to establish ineffective assistance when the record does not specifically mention counsel's reasons for his actions, and appellant does not develop an evidentiary record through a hearing on a motion for new trial. *See Gibbs v. State*, 7 S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). Therefore, a "substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal." *Thompson*, 9 S.W.3d at 813. However, "when no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reasons for acting as she did." *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). Even if appellant is able to prove trial counsel's performance was deficient, appellant must also affirmatively prove that he was prejudiced by counsel's actions. *Thompson*, 9 S.W.3d at 812. Appellant must demonstrate a reasonable probability that the result of the proceeding would have been different if trial counsel had acted professionally. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the trial's outcome. *Id.*

### DISCUSSION

Because Jaramillo did not file a motion for new trial, there is no record disclosing the reasons trial counsel made the decisions he did. Consequently, counsel's ineffectiveness, if any, is not firmly founded in the record. *See Thompson*, 9 S.W.3d at 813 (indicating allegation must be firmly founded in the record). Because we may not speculate about the reasons for counsel's trial strategy, Jaramillo has failed to rebut the presumption that counsel made trial decisions based on sound

professional judgment.[1] *See Hernandez v. State*, 198 S.W.3d 257, 270-71 (Tex. App.—San Antonio 2006, pet. ref'd). Although the silent record defeats the ineffective assistance claim raised by Jaramillo, we briefly address how his claim fails because the record fails to establish either deficient performance or prejudice. This brief analysis should not, however, preclude Jaramillo from pursuing his claim through a writ of habeas corpus where a more complete record could change the analysis and, possibly, the result. *See Thompson*, 9 S.W.3d at 814-15.

Jaramillo's counsel filed a Motion In Limine on October 6, 2007, asking the court to require the State to refrain from commenting on any extraneous offenses not included in the indictment unless and until a hearing was held outside the presence of the jury. About a year later and approximately two months prior to trial, Jaramillo signed an affidavit requesting community supervision "indicating that he had never been convicted of a felony in this or any other state." No prior convictions were introduced during the guilt-innocence phase of trial pursuant to the motion in limine filed by Jaramillo's counsel. During the recess between the guilt-innocence phase and the punishment phase of trial, Jaramillo's counsel learned about Jaramillo's prior convictions from the State. Jaramillo's counsel conferred with the State and decided to stipulate to evidence of two prior felony convictions in New Mexico. Following this stipulation, Jaramillo voluntarily testified "I just hope you realize that I *voluntarily* bring this, you know what I mean—into evidence, because it's not something that I tried to hide from nobody. It's just that I wasn't real proud of that and I really thought it had been taken off of my record." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Although

---

[1] Jaramillo makes a vague claim that his trial counsel should have filed a motion in limine to exclude any information regarding Jaramillo's civil trial against a San Antonio police officer. The basis for any allegation of ineffectiveness must be affirmatively founded in the record. *Thompson*, 9 S.W.3d at 813. We agree with the State that "[t]he record demonstrates that when the State elicited testimony regarding the suit[, trial] counsel objected and the objection was sustained, which would have been required [even] with a motion in limine." Jaramillo's claim of ineffectiveness, therefore, is not founded in the record. *Id.*

Jaramillo also described the two offenses to the jury, he twice apologized for his participation in them. The jury assessed punishment at the lower end of the permitted range.

Jaramillo contends his trial counsel should have investigated his criminal record to prevent Jaramillo from "lying" in his affidavit requesting community supervision; however, there is no evidence in the record that Jaramillo's counsel had any reason to disbelieve Jaramillo regarding his prior convictions. Although "ordinarily counsel should not blindly rely on the veracity . . . of his client's version of the facts," *McFarland v. State*, 928 S.W.2d 482, 501 (Tex. Crim. App. 1996), *cert. denied*, 519 U.S. 1119 (1997),

> [t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. . . . And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable.

*Strickland*, 466 U.S. at 691. Looking at the totality of the circumstances, Jaramillo's own act of signing a sworn affidavit indicating he had no prior convictions would have given his defense counsel reasonable grounds for determining no further investigation into Jaramillo's criminal record was needed. Consequently, counsel's ineffectiveness, if any, is not firmly founded in the record. *See Thompson*, 9 S.W.3d at 813.

Even assuming the evidence of Jaramillo's prior convictions influenced the jury, we cannot conclude that counsel's failure to investigate Jaramillo's criminal record resulted in prejudice to Jaramillo. *Thompson*, 9 S.W.3d at 812. Given that Jaramillo was convicted of aggravated robbery and was, in fact, not eligible for community supervision, the jury's assessment of punishment at the

lower end of the applicable range was commensurate with Jaramillo's crime, and there exists no reasonable probability that the outcome would have been different if trial counsel had investigated Jaramillo's criminal history. *Id.*

## CONCLUSION

For the reasons provided above, we affirm the judgment of the trial court.

Alma L. López, Chief Justice

DO NOT PUBLISH