IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-69,719-01 AND WR-69,719-02






EX PARTE JEREMY MARTIN AGUILAR, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W93-34937-I(A) AND W93-34769-I(A)


IN THE CRIMINAL DISTRICT COURT NO. 2 OF DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk
of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte Young,
418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two felony offenses of
burglary of a vehicle and sentenced to 65 years' imprisonment in each case after he was found to be a
habitual offender. The Sixth Court of Appeals affirmed his convictions. Aguilar v. State, Nos. 06-94-00179-CR and 06-94-00180-CR (Tex. App. - Texarkana, January 5, 1995, no pets.).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate and discover that two prior convictions alleged as sequential felonies under
Tex. Penal Code § 12.42 (d) (Vernon 1993), were not in fact sequential. Applicant also contends that
his sentences were illegal because the maximum sentences allowed for these offenses under Penal Code
§ 12.42 (a) were the sentences for second degree felonies.

 The trial court originally recommended that relief be granted, finding that the prior convictions
used to establish that Applicant is a habitual offender were not actually sequential. These causes were
remanded to determine whether Applicant had any other prior conviction that was sequential to the prior
convictions alleged in these causes. The court has entered a supplemental finding that Applicant was
previously convicted for unauthorized use of a vehicle which became final January 13, 1992. However,
the supplemental record does not include any documents from that conviction to support this finding,
and Applicant alleges that he received shock probation on that conviction which was not revoked until
after he committed the other offenses underlying his other prior convictions. See Ex parte Langley, 833
S.W.2d 141 (Tex. Crim. App. 1992). These causes must be remanded again for supplementation of the
record and additional findings.

 The trial court shall ascertain whether Applicant received shock probation for that prior
conviction for unauthorized use of a vehicle and, if so, the date that probation was revoked. The trial
court shall also have the record supplemented to include the docket sheet and judgment for that prior
conviction, and any orders granting or revoking probation in that cause.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
required documents and the trial court's supplemental findings of fact and conclusions of law shall be
returned to this Court within 60 days of the date of this order. Any extensions of time shall be obtained
from this Court. 


Filed: October 29, 2008

Do not publish