IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,867-01




EX PARTE TONY ALLEN WILBURN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 16,187-A IN THE 115TH DISTRICT COURT
FROM UPSHUR COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of
marihuana in a drug free zone and was sentenced to seven years’ imprisonment. He waived his right
to appeal. 
            Applicant contends, among other things, that his trial counsel was ineffective and his plea
was involuntary. Applicant alleges that he would not have pleaded guilty had he been correctly
advised as to the punishment range to which he would be subject if convicted of this offense.             On February 26, 2014, this Court remanded this matter to the trial court to obtain affidavits
and findings, and to supplement the record with copies of the written plea admonishments and a
transcript of the plea hearing. This Court also ordered the trial court to determine whether or not
Applicant had any other prior felony convictions which could have been used to enhance his
sentence in this case.
            On June 9, 2014, this Court received the supplemental record from the trial court. The
supplemental record does not include copies of the written admonishments or a transcript of the plea
proceedings.  However, the supplemental record does contain a second affidavit from Applicant’s
trial counsel, in which counsel states that during plea negotiations, the prosecutor told counsel that
if the case proceeded to trial, a notice of enhancement would be filed by the State, because Applicant
had a prior felony conviction. The supplemental record also contains copies of an indictment,
judgment and other documents from a 1982 conviction for burglary of a motor vehicle, which was
a felony offense at the time Applicant committed it. The trial court finds that because Applicant had
been previously convicted of a final felony offense, had this case proceeded to trial the State was
prepared to file a notice of enhanced punishment, and the punishment range for this offense would
have been enhanced by one felony degree to a second degree felony. The trial court finds that
although Applicant was admonished in this case and pleaded guilty in this case to a second degree
felony, that plea was nevertheless knowingly and voluntarily entered.
            Among the documents pertaining to Applicant’s prior burglary of a motor vehicle conviction
in the supplemental record, there are documents indicating that Applicant requested and was granted
“shock” probation in that case. There are no documents in the supplemental record indicating
whether Applicant’s probation was eventually revoked, or if he discharged the sentence successfully
on probation. In "shock" probation, when further execution of the sentence is suspended, the
conviction becomes non-final for purposes of enhancement, and will not become final for such
purposes unless revoked. Ex parte Langley, 833 S.W.2d 141 (Tex. Crim. App. 1992). If Applicant
successfully discharged his sentence on probation, then the burglary of a motor vehicle conviction
was not available to enhance his sentence in this case. 
            In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).  
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
              The trial court shall supplement the habeas record with a copy of the written
admonishments, and with a transcript of the plea proceedings as directed in the previous remand
order. The trial court shall also supplement the record with any documents showing whether
Applicant’s probation in cause number 9250 from the Second Judicial District Court of Cherokee
County was ever revoked, or whether he discharged his sentence in that case on probation. The trial
court shall make findings as to whether Applicant had any other prior final felony convictions which
could have been used to enhance his punishment range if he had elected to go to trial on the charges. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: June 25, 2014
Do not publish