

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-81,484-01 & WR-81,484-02

### EX PARTE RAYMOND KEITH WALLS, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR 01624 & CR 01626
### IN THE 102ND DISTRICT COURT
### FROM RED RIVER COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault and aggravated sexual assault and sentenced to twenty-five and sixty years' imprisonment, respectively. The Sixth Court of Appeals affirmed his conviction. *Walls v. State*, Nos. 06-11-00157 & 06-11-00158-CR (Tex. App.—Texarkana Jan. 31, 2012) (not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because counsel did not investigate the finality of a conviction used for enhancement. Applicant

alleges that a prior conviction used to enhance his sentence was not a final conviction.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Langley*, 833 S.W.2d 141 (Tex. Crim. App. 1992). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether the enhancement paragraph alleging a prior conviction in McCurtain County, Oklahoma Cause Number CF-2003-497 was a final conviction capable of enhancing the applicable range of punishment. The trial court shall make findings of fact as to whether the performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: August 20, 2014
Do not publish