

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,867-01

### EX PARTE TONY ALLEN WILBURN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 16,187-A IN THE 115TH DISTRICT COURT
### FROM UPSHUR COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of marihuana in a drug free zone, and was sentenced to seven years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that his plea was involuntary because he was not correctly advised of the punishment range applicable to the offense. We remanded this application to the trial court three times for affidavits, supplementation of the record, and findings of fact addressing Applicant's claims.

The record as a whole indicates that Applicant was incorrectly admonished, both orally and in writing as to the correct punishment for the offense charged, which should have been seven to ten years' imprisonment. Although the trial court correctly notes that the seven-year sentence in exchange for which Applicant pleaded guilty was the minimum available sentence under the correct punishment range, Applicant alleges that he would not have pleaded guilty had he known that the correct punishment range was seven to ten years, rather than two to twenty years as the written admonishments indicated.

In its findings after the third remand, the trial court finds that Applicant had one prior felony conviction which could have been used to enhance his punishment had he elected to go to trial on the charges. However, Applicant discharged his sentence in the case to which the trial court refers on "shock" probation, rendering the conviction unavailable for enhancement purposes. *Ex parte Langley*, 833 S.W. 2d 141 (Tex. Crim. App. 1992). Because Applicant did not have any other prior felony convictions, he would not have been facing the threat of enhanced punishment had he elected to go to trial on these charges. The record does not show that Applicant was ever correctly advised of the punishment range applicable to the offense, and therefore his decision to forgo a trial and plead guilty cannot be said to have been knowingly and voluntarily made.

Relief is granted. The judgment in Cause No. 16,187 in the 115th District Court of Upshur County is set aside, and Applicant is remanded to the custody of the Sheriff of Upshur County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 20, 2015
Do not publish