

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-89,032-01

### EX PARTE JOHN DEWAYNE WESTERMAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 27595A IN THE 249TH DISTRICT COURT
### FROM JOHNSON COUNTY

*Per curiam.* WALKER, J., filed a concurring opinion in which RICHARDSON, J., and NEWELL, J., joined. YEARY, J., filed a dissenting opinion in which SLAUGHTER, J., joined, and KELLER, P.J., joined as to parts I–III. KEASLER, J., dissented.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with this aggravated robbery in 1990, which was a first-degree felony. The indictment alleged a prior 1984 felony conviction for burglary of a building, then a second-degree felony, which was to enhance the punishment level to 15 to 99 years of life in prison. Applicant pled guilty under a plea agreement for a 30-year sentence.

Applicant claims that the repeat-felon enhancement was improper because he was placed on

probation for the prior burglary offense and that probation was not revoked. *Ex parte Langley*, 833 S.W.2d 141 (Tex. Crim. App. 1992). He argues that his guilty plea was therefore involuntary. On remand, the trial court has entered findings indicating that the repeat-felon enhancement was improper, that the State could not have relied upon another prior conviction to support the repeat-felon enhancement, that Applicant would have rejected the 30-year plea agreement if he had known that no prior felony convictions were available for enhancement purposes, and that "Applicant's guilty plea was not entered into freely, voluntarily and/or knowingly." *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006). The trial court further finds that Applicant's 28-year delay in raising the involuntary plea claim has not materially prejudiced the State's ability to prosecute him, so laches should not be applied. *Ex Parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013). The trial court's findings are supported by the habeas record.

Relief is granted. The judgment in Cause No. 27595 in the 249th District Court of Johnson County is set aside, and Applicant is remanded to the custody of the Sheriff of Johnson County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered:       April 10, 2019
Do not publish