

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-84,786-01 & -02

**EX PARTE JEFFREY SHAWN POINTER, Applicant**

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR07-300A & CR07-301A IN THE 235TH DISTRICT COURT
### FROM COOKE COUNTY

PER CURIAM. YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined. NEWELL, J., dissented.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus.

Applicant was initially charged with murder and aggravated assault. As to each of these offenses, the State provided notice that it would seek to enhance Applicant's punishment range based upon a single prior felony conviction out of Arkansas. In 2008, Applicant pleaded guilty to, and was convicted of, manslaughter as a lesser-included offense

of murder and aggravated assault as charged. He pleaded "true" to the enhancement paragraphs and was sentenced, by plea-bargain agreement, to twenty-five years' imprisonment in each case. He did not appeal his convictions.

In 2016, Applicant filed these applications in the habeas court. He alleges that (1) plea counsel was ineffective, (2) his guilty plea was "not intelligent," and (3) the State engaged in misconduct. All of these claims stem from the fact that Applicant's Arkansas conviction resulted in a probation that was still in effect when the instant offenses were committed. Applicant's probation was either never revoked, or was revoked but then reinstated on the same day. The State was in possession of paperwork purporting to revoke Applicant's probation but was apparently unaware that it was reinstated.

"It is well established that under Texas law only convictions that are 'final' can be used for enhancement purposes."[1] And, as to most offenses committed and prosecuted within Texas, "a conviction is not final for enhancement purposes where the imposition of sentence has been suspended and probation granted."[2] In most cases, a probated sentence can result in a final conviction only if the probation is later revoked and a sentence executed.[3] In 2018, in *Ex parte Pue*, we clarified that this rule applies to out-of-state convictions—even

---

[1] *Ex parte Pue*, 552 S.W.3d 226, 230 (Tex. Crim. App. 2018) (citations omitted).

[2] *Id.* (citations omitted).

[3] *See id.* at 230–31.

if the conviction would be available for enhancement in the other state.[4] Under that rule, the Arkansas conviction at issue here may not have been available for enhancement.

In her first set of findings and conclusions, the habeas judge recommended that we grant Applicant relief. The habeas judge found that Applicant never apprised plea counsel that, the revocation order notwithstanding, he was still on probation—because Applicant was not aware of this fact himself. So, "based on the information available to" plea counsel at the time of the plea, the habeas judge concluded that plea counsel's "investigation of the prior convictions" was not deficient. The habeas judge also concluded that Applicant's pleas "were knowingly and voluntarily made."

Nevertheless, the habeas judge cited *Ex parte Langley* for the proposition that the Arkansas conviction "could not be used for enhancement purposes since Applicant was on probation at the time he committed the [instant] offenses."[5] The habeas judge found that, "[w]hile Applicant would have entered pleas to manslaughter and aggravated assault," he "would not have accepted a plea bargain for an enhanced punishment outside the range for those offenses." The habeas judge therefore initially[6] concluded that, because Applicant's sentences were illegal, "Applicant is entitled to a new punishment trial in each cause."

---

[4] *See id.* at 234–35.

[5] *See Ex parte Langley*, 833 S.W.2d 141, 143 (Tex. Crim. App 1992) (citations omitted).

[6] *But see* Supplemental Findings of Fact and Conclusions of Law at 6–7 (in which the habeas judge changes her recommendation from "grant" to "deny," but otherwise leaves her findings of fact unchanged).

But for us to grant relief on a claim of "illegal sentence," two things would need to be true. First, it would have to be the case that Applicant actually raised a claim of "illegal sentence" in his habeas application. Second, it would have to be the case that the rule announced in *Pue* applies retroactively. We initially filed and set these applications to decide the latter issue. Upon further review, we conclude that the retroactivity or non-retroactivity of *Pue* is not dispositive in this case. That is because, even construing Applicant's claims liberally, we do not think he has raised a *bona fide* claim that his sentences are illegal. Substantively, his claims concern only (1) the reasonableness of his lawyer's advice, (2) the voluntariness of his guilty pleas, and (3) the State's supposed misconduct. For the following reasons, each of those claims lacks merit.

We begin with Applicant's claim of ineffective assistance of counsel. Applicant pleaded guilty ten years before we expressly said that the finality of an out-of-state conviction is determined in accordance with Texas law. Before *Pue*, the law in this area remained unsettled. Historically, we have declined to find counsel ineffective where the claimed error is based upon unsettled law.[7] Furthermore, challenging the enhancement paragraphs was not a strategy in which Applicant had "nothing to lose and potentially everything to gain."[8] In his affidavit, plea counsel explains that Applicant "did not want to

---

[7] *Ex parte Chandler*, 182 S.W.3d 350, 359 (Tex. Crim. App. 2005) (quoting *Ex parte Welch*, 981 S.W.2d 183, 184 (Tex. Crim. App. 1998)).

[8] *See State v. Bennett*, 415 S.W.3d 867, 880 (Tex. Crim. App. 2013) (Price, J., dissenting).

plead guilty to murder but was willing to plead guilty to manslaughter." Counsel also avers that "the prosecutor's willingness to reduce the charge from a first degree felony murder to a second degree felony manslaughter was driven solely by the fact that," by enhancing the second-degree manslaughter offense with a prior felony conviction, "the State could still obtain the desired sentence of 25 years." Finally, counsel says that, in exchange for Applicant's acceptance of a twenty-five year sentence, the State agreed not to prosecute Applicant for a handful of other felony charges. Counsel's claims in this regard are corroborated by a letter, dated July 17, 2008, from the trial prosecutor to plea counsel. Pleading "true" to the enhancement paragraphs therefore satisfied both (1) the prosecutor's interest in seeing Applicant receive a sentence in excess of twenty years, and (2) Applicant's interest in not pleading guilty to murder and avoiding additional felony convictions.

Finally, this is not a situation where the prior conviction was unavailable for enhancement in both jurisdictions.[9] Under Arkansas law, the prior drug conviction at issue here was available for enhancement.[10] For all of the foregoing reasons, Applicant's claim that plea counsel was ineffective in advising him to plead "true" to the enhancement lacks merit. To the extent that Applicant claims plea counsel was ineffective in other respects

---

[9] *See Pue*, 552 S.W.3d at 236–37 (Keller, P.J., concurring) (arguing that counsel may be found ineffective if he fails to discover that the prior conviction was unavailable for enhancement purposes under both Texas law and the other state's law).

[10] *See, e.g., Rolark v. State*, 772 S.W.2d 588, 591 (Sup. Ct. Ark. 1989) ("The fact that he was granted probation on the prior convictions does not lessen the fact that they were convictions, and that is the criterion of [the Arkansas habitual offender statute].").

(*e.g.*, Applicant argues that counsel should not have allowed Applicant to plead guilty to manslaughter because Applicant was not indicted for manslaughter), those claims also lack merit. Ground One is denied.

Next is Applicant's claim of involuntary plea. Applicant argues that his guilty pleas were involuntary precisely because they were given upon deficient advice from plea counsel. On page nine of his 11.07 form, Applicant explains that "Grounds One & Two are consolidated since both grounds of error deal with ineffective assistance of trial counsel." In his legal memorandum, Applicant argues under "GROUNDS ONE & TWO" that "Applicant was denied the effective assistance of counsel at trial, where appointed counsel allowed and encouraged [him] to plead true to the enhancement paragraph of the indictment where enhancement was null and void and of no legal effect." It is clear that, in Ground Two, Applicant is again complaining about plea counsel's advice. For the same reasons that Ground One lacks merit, Ground Two lacks merit.

Even if we liberally construe Ground Two as a free-standing claim of involuntary plea, the claim still lacks merit. "When a defendant waives the right to have a jury determine guilt or innocence and admits or does not contest guilt, [he] does so under the law existing at the time of the plea."[11] In 2008, when Applicant pleaded guilty, every court of appeals to address the issue had concluded that the finality of an out-of-state conviction is determined

---

[11] *Briggs v. State*, 560 S.W.3d 176, 178 (Tex. Crim. App. 2018).

according to the foreign jurisdiction's enhancement-availability law.[12]   If that is what Applicant understood the state of the law to be when he pleaded guilty, for the same reason as above, his pleas were not involuntary.[13]  Even if that is not how Applicant understood the state of the law, the most that can be said is that Applicant pleaded guilty in the face of unsettled law.  On the facts of this case, we are not persuaded that that is enough to render Applicant's guilty pleas involuntary.  To the extent that Applicant claims that his pleas were involuntary for other reasons (*e.g.*, Applicant alleges that he should have received a competency hearing), those claims also lack merit.  Ground Two is denied.

Finally, the record does not support Applicant's claim that the State engaged in misconduct in seeking to enhance Applicant's punishment range with the Arkansas conviction.  In the face of an unsettled legal issue, the State had a good-faith basis for believing that the Arkansas conviction could be used as an enhancement.  Ground Three is denied.

Relief is denied.

Delivered: December 11, 2019

Do Not Publish

---

[12]  *See Pue*, 552 S.W.3d at 231 n.21.

[13]  *See* note 8, *supra*.