

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,035-02

### EX PARTE VICTORIA RAY RENDON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2020CR6864W-W1 IN THE 186TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*.

### O P I N I O N

Applicant was convicted of theft and sentenced to six months in the State Jail. Applicant, through habeas counsel, filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant complains that her theft offense was a misdemeanor and not a felony. The theft was charged as a state-jail felony because the State alleged that Applicant had two prior theft convictions. *See* TEX PENAL CODE §31.03. Applicant, however, had no final conviction for one of the prior thefts because Applicant successfully completed deferred-adjudication in that cause. *Ex parte Langley*, 833 S.W.2d 141 (Tex. Crim. App. 1992). The trial court details all of Applicant's prior convictions and concludes that there was no other theft conviction that could have been properly pled. *Ex parte*

*Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013). The trial court has entered findings and recommends that habeas relief be granted. The trial court's findings are supported by the record and applicable law. *Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006). The offense was a misdemeanor and not a felony.

Relief is granted. The judgment in cause number 2020CR6864W in the 186th District Court of Bexar County is set aside, and Applicant is remanded to the custody of the Sheriff of Bexar County to answer the charges as set out in the information. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: January 13, 2021
Do not publish