

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,970-01

### EX PARTE TANYA MARIE WARRELL MCMILLAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR14-150 IN THE 4TH DISTRICT COURT
### FROM RUSK COUNTY

**KELLER, P.J., filed a concurring opinion.**

### CONCURRING OPINION

I agree that *Ex parte Pue* applies retroactively to this case, but I do so because, even if it is new, a construction of a statute that impacts the punishment range for an offense must be applied retroactively. Whether an offense is available for enhancement purposes is both substantive law and one that impacts the truth-finding function by affecting the sufficiency of the evidence to support a certain punishment range.[1]

---

[1] *See Welch v. United States*, 578 U.S. 120, 130-31 (2016) ("[T]his Court has determined whether a new rule is substantive or procedural by considering the function of the rule, not its underlying constitutional source. . . . [W]here the conviction or sentence in fact is not authorized by substantive law, then finality interests are at their weakest."); *Taylor v. State*, 10 S.W.3d 673, 682,

But the Court does not adequately explain the next issue: whether Applicant's conviction was in fact final under Texas law. Under Texas law, a probated sentence does not constitute a final conviction for enhancement purposes,[2] but a sentence of incarceration does, assuming that mandate on appeal has issued or the time for appeal has run.[3] At issue in this case is how to treat a certain type of federal punishment. When a defendant has been convicted of a federal crime, a federal court can impose a sentence that includes a period of incarceration followed by a period of supervised release. Is this type of punishment a judgment imposing probation or a sentence of incarceration? As I shall explain, it is a non-probated sentence of incarceration under Texas law. Consequently, the prior federal conviction used in Applicant's case was final under Texas law even though her supervised release was never revoked.

### I. BACKGROUND

In 2003, Applicant was convicted in federal court of bank fraud. The federal judgment required Applicant to serve 10 months in prison and, upon release from that imprisonment, 5 years of supervised release. The period of supervised release was terminated early, in 2005.

Applicant was later indicted in this case for committing second-degree felony theft in 2013.[4]

---

684 (Tex. Crim. App. 2000) ("If the new rule does impact the truth-finding function, then the purpose factor will generally outweigh the reliance and administration of justice factors and require a holding of retroactivity. . . . [A]bolishing the juvenile exception to the accomplice witness rule significantly impacts the truth-finding function of the trial. . . . The accomplice witness rule is a prism through which the jury evaluates the strength of the evidence to convict and whether the State has proven the defendant's guilt.").

[2] *Ex parte Pue*, 552 S.W.3d 226, 235, 237 (Tex. Crim. App. 2018).

[3] *Wood v. State*, 486 S.W.3d 583, 588 (Tex. Crim. App. 2016).

[4] *See* TEX. PENAL CODE § 31.03(e)(6)(A) (West 2012).

The range of punishment was 2 to 20 years,[5] but the State alleged Applicant's 2003 federal conviction for enhancement purposes, which raised the punishment level to that of first-degree felony,[6] with a range of punishment of 5 to 99 years or life.[7] Applicant was found guilty of theft, pled true to the enhancement, and was sentenced to 40 years in prison.

The habeas court concluded that the prior conviction "was not probated."[8] If that conclusion is correct, Applicant's conviction was final under Texas law because there was no appeal pending at the time the prior conviction was used for enhancement.

## II. ANALYSIS

Applicant now claims that her sentence is illegal because her prior federal conviction was an unrevoked, probated sentence that was not final under Texas law. The habeas court's conclusion is to the contrary, and the habeas court is correct.

Under Texas law, a judgment imposing probation is not a final conviction for enhancement purposes.[9] This is because, for a conviction to be final, sentence must be imposed. But a judgment imposing probation *suspends* the imposition of sentence.[10] Probation has to be revoked for the conviction to be final.[11] "Shock probation" also renders a judgment of conviction non-final for

---

[5] *See id.* § 12.33(a).

[6] *See id.* § 12.42(b).

[7] *See id.* § 12.32(a).

[8] Conclusion 2 under the habeas court's findings of fact and conclusions of law says: "The prior enhancement to which the jury found to be true was not probated. (Exhibit D)." Exhibit D is the federal judgment of the prior conviction.

[9] *See supra* at n.2.

[10] *Pue*, 552 S.W.3d at 230.

[11] *Id.* at 231.

enhancement purposes, though in a slightly different way.[12]  With "shock probation," sentence has been imposed, but later, "the further execution of the sentence is suspended."[13]  When that happens, "the conviction becomes non-final for purposes of enhancement, and will not become final for such purposes unless revoked."[14]

But "supervised release" in the federal system is different from probation or shock probation. Under federal statute, a district court "may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment."[15]  Under the terms of the statute, supervised release is *part* of the sentence, not a suspension of the sentence.  In addressing the statute the Supreme Court has confirmed, "Supervised release is a form of punishment that Congress prescribes along with a term of imprisonment as part of the same sentence."[16]

The statute governing supervised release is in United States Code Chapter 227, Subchapter D, entitled "Imprisonment."[17] Probation in the federal statutory scheme is addressed elsewhere— in Subchapter B, entitled "Probation."[18]  The probation statute allows a defendant to "be sentenced to a term of probation."[19]  Although "probation" is termed a "sentence" under federal statute, it is a different type of sentence from one of "imprisonment."  But as discussed earlier, "supervised release"

---

[12]  *Ex parte Langley*, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992).

[13]  *Id.*

[14]  *Id.*

[15]  18 U.S.C.S. § 3583(a) (2003).

[16]  *Mont v. United States*, 139 S. Ct. 1826 (2019).

[17]  *See* 18 U.S.C.S., Chapter 227, Subchapter D.

[18]   *See id.*, Subchapter B.

[19]  *Id.* § 3561(a) (2003).

is a part of a sentence of imprisonment.

The Supreme Court has also explained that, with sentencing reforms in 1984, "Congress eliminated most forms of parole in favor of supervised release, a form of postconfinement monitoring overseen by the sentencing court, rather than the Parole Commission."[20] The rationale for replacing parole with supervised release was "to assist individuals in their transition to community life" and to give the district courts "the freedom to provide post-release supervision for those, and only those, who needed it."[21] Rather than suspending a sentence to give a probationer the opportunity to avoid incarceration, federal supervised release provides a transition period to reintegrate into society after incarceration, making supervised release like parole instead of like probation.

So Applicant's conviction is final under Texas law because federal supervised release is a part of the federal sentence and not a suspension of that sentence. With these comments, I concur in the Court's judgment.

Filed: May 1, 2024
Publish

---

[20] *Johnson v. United States*, 529 U.S. 694, 696 (2000).

[21] *Id.* at 709.