**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00412-CR
_____

KEEMON CHARLES JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
Jefferson County, Texas
Trial Cause No. 21-36239

**MEMORANDUM OPINION**

A jury found Keemon Charles Jones guilty of possession of a controlled substance and found two enhancement paragraphs to be true. *See* Tex. Health & Safety Code Ann. § 481.1151(b)(4). The jury then assessed Jones's punishment at thirty years imprisonment in the Texas Department of Criminal Justice.

In three issues on appeal, Jones argues the evidence of a controlled substance was obtained in violation of his constitutional rights prohibiting unreasonable search and seizure and challenges the sufficiency of the evidence to convict him including the sufficiency of evidence to demonstrate that he had ownership, custody, or control of the controlled substance. We affirm.

## Background

On July 29, 2020, Erin Smith, a police officer with the Beaumont Police Department was called to assist EMS with a medical call. She was notified that someone may be intoxicated on narcotics and that EMS requested assistance for safety reasons. When she arrived, she observed Jones "staggering in the roadway…wandering around" and not responding to her questions or commands. She testified people on Phencyclidine, or PCP, have a distinct odor, and she smelled that odor as she approached Jones. According to Smith, people on PCP are "inherently dangerous" as they are unpredictable, can transition from "cooperative to violent in a mere second," have heightened strength, and cannot feel pain. So, for safety reasons, Smith detained Jones in handcuffs and transferred him to a Beaumont hospital. Later, she learned that a nurse treating Jones found a suspicious substance, believed to be drugs, in a small Scope mouthwash bottle tied to the drawstrings of Jones's sweatpants. Smith went to the hospital to retrieve the substance, and at trial she identified the substance as PCP based on her training and experience. She

testified the substance was then seized and logged into evidence. Smith identified the envelope into which she placed the substance, and she explained the policies and procedures for collecting evidence. Body and dash camera footage from that night were admitted into evidence and played for the jury. Smith testified the bottle was not found on Jones when he was initially detained, despite the possibility that another officer may have performed a cursory pat down for safety.

Kevin Scott testified he is a registered nurse employed by Baptist Hospital in Beaumont and was working when Jones arrived at the hospital. Jones came into the emergency room because he appeared to be under the influence of a narcotic, and Scott was tasked with applying a catheter to get a urine sample to test for drugs. In the process, Scott found a small mouthwash bottle between Jones's underwear and sweatpants, tied to the drawstring of the sweatpants. Scott said the bottle smelled "very strange" and he assumed it was drugs. He then gave the bottle to the police officer on duty at the hospital. Scott identified State's Exhibit 1 as the bottle that he found on Jones.

Carly Price testified she is employed with the Beaumont Police Department and that she processes the evidence collected by officers. She described the procedures to process evidence through their system, specifically, how narcotics are processed, secured, and stored. Price identified State's Exhibit 1 and testified that

she transported it to the Jefferson County Crime Laboratory. She testified the evidence did not appear to be tampered with in any way.

Tiffany Aardhal is a forensic scientist for the Jefferson County Crime Laboratory in Beaumont. She described her background and education, the laboratory's accreditations and the laboratory's protocol and procedures. Aardhal identified the unique identification number and her initials on State's Exhibit 1 which was admitted during her testimony. Aardhal testified that the laboratory tested the substance in State's Exhibit 1 twice. Initial presumptive testing showed that "PCP was included in the substance[,]" and further testing confirmed the substance was PCP. A copy of Aardhal's laboratory report was admitted into evidence.

At the conclusion of testimony, the jury convicted Jones of possession of a controlled substance and subsequently assessed punishment at thirty years in the Texas Department of Criminal Justice. Jones timely appealed.

**Issue One**

In his first issue, Jones argues the evidence seized by the emergency room nurse was obtained in an unconstitutional search and seizure in violation of the Fourth Amendment of the United States's Constitution. *See* U.S. CONST. amend. IV. He contends that the emergency room nurse acted as an "instrument or agent of the government" and the search was conducted without his knowledge or consent.

4

Jones filed a pretrial Motion to Suppress Evidence asserting, "The arrest and subsequent search were without probable cause and illegal." However, the motion was never heard, and the trial court never ruled on it at any time before or during trial. Filing a motion to suppress evidence does not preserve a complaint for appellate review unless the trial court has ruled on the motion. *Thomas v. State*, 884 S.W.2d 215, 216 (Tex. App.—El Paso 1994, pet. ref'd). In order for Jones's complaint to have been preserved for appellate review, the record must show that the complaint was presented to the trial court in the form of a timely and specific request, objection, or motion, and either that the trial court ruled on the request, objection or motion, or that Jones objected to the court's failure to rule. Tex. R. App. P. 33.1. *See Tucker v. State*, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999). Because the trial court did not rule on Jones's Motion to Suppress Evidence, the motion, itself, presents nothing for our review.

To preserve error in the absence of a ruling on a motion to suppress, a defendant must object when the evidence is offered during trial. *Ross v. State*, 678 S.W.2d 491, 493 (Tex. Crim. App. 1984). After Scott, Smith and Aardhal had testified about the Scope bottle and its contents, the State offered the bottle into evidence as State's Exhibit 1, at which time Jones objected and obtained a ruling as follows:

> [THE STATE]: At this time State would tender State's Exhibit No. 1 and its contents.

5

[DEFENSE COUNSEL]: Your Honor, we would object. We don't believe the proper chain of custody has been laid, and we would object to its admission.

THE COURT: Objection is overruled. State's Exhibit 1 is admitted.

To preserve error, an objection must be timely. Tex. R. App. P. 33.1. "Appellant must object before substantial testimony is given regarding the alleged illegally seized item." *Coleman v. State*, 113 S.W.3d 496, 500 (Tex. App.—Houston [1st Dist.] 2003), *aff'd*, 145 S.W.3d 649 (Tex. Crim. App. 2004) (error waived where defendant failed to object until after officers and crime laboratory chemist had already testified extensively about the allegedly illegally seized items); *see also Marini v. State*, 593 S.W.2d 709, 714 (Tex. Crim. App. 1980) (complaint that trial court should have suppressed physical evidence of narcotics was forfeited because defendant failed to object to officer's testimony about finding the narcotics); *Laurant v. State*, 926 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (nothing presented for review where there was no ruling on pretrial motion to suppress physical evidence and defendant failed to object until after officers had already testified about the physical evidence).

An objection must also be sufficiently specific "to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1. Although the rule allows the specific grounds of an objection to be discerned from context, the complaint on appeal still "must comport with the

6

objection made at trial. Therefore, if a party fails to properly object to constitutional errors at trial, these errors can be forfeited." *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (citing *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986)).

At trial, Jones did not object to any of the testimony about the discovery of the bottle, its being handed over to the police, nor the subsequent testing of its contents, and his only objection to the admission of the bottle, itself, was that the proper chain of custody had not been established. The trial court was not informed, expressly or by way of context, that it needed to decide whether an unconstitutional search and seizure had occurred on the basis Scott was allegedly acting as an instrument or agent of the government when he searched Jones, found the Scope bottle, and gave it to the police. "[I]f an objection made in the trial court differs from the complaint made on appeal, a defendant has not preserved any error for review." *Thomas*, 723 S.W.2d at 700.

Because Jones did not object to any of the testimony about the Scope bottle and its contents, and because when he finally did object, he did not inform the trial court of the constitutional grounds he now raises on appeal, Jones's complaint was not preserved for our review. We overrule Jones's first issue.

7

## Issues Two and Three

In his second and third issues, Jones challenges the sufficiency of the evidence to convict him of possession of a controlled substance. In addition to his generalized complaint about the sufficiency of the evidence, Jones specifically argues the evidence was insufficient to demonstrate he ever had ownership, custody, or control of the contraband.

The jury is the exclusive judge of the credibility of the evidence and the weight to be given to that evidence. *Metcalf v. State*, 597 S.W.3d 847, 855 (Tex. Crim. App. 2020). As such, the jury is responsible for resolving conflicts in the testimony, is free to believe some, all or none of a witness's testimony, and may assign as much or as little weight to a witness's testimony as it sees fit. *Id*. Jurors may also draw reasonable inferences from the evidence. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) "[A]n inference is a conclusion reached by considering other facts and deducing a logical consequence from them." *Id*. at 16.

When examining whether a criminal conviction is supported by legally sufficient evidence, we compare the evidence to the elements of the offense as defined by a hypothetically correct charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). We consider all the evidence, viewed in the light most favorable to the verdict, along with the inferences that could reasonably be drawn from the evidence. *Hooper*, 214 S.W.3d at 13. We do not assess the credibility of

the evidence, reweigh the evidence, nor substitute our judgment for that of the jury. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The evidence is legally sufficient to support the conviction if any rational trier of fact could have found each of the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). "Each fact need not point directly and independently to a defendant's guilt, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Balderas v. State*, 517 S.W.3d 756, 766 (Tex. Crim. App. 2016) (citation omitted); *see also Garcia v. State*, 667 S.W.3d 756, 761-62 (Tex. Crim. App. 2023) (citation omitted) ("A proper review of evidentiary sufficiency considers the cumulative force of the evidence.").

A person commits an offense of possession of a controlled substance "if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1 or 1-B, unless the person obtained the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice." Tex. Health & Safety Code Ann. §§ 481.102(8), 481.115(b)(4). This is a second-degree felony offense if "the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams." *Id*. § 481.115(d). "'Possession' means actual care, custody, control, or management." *Id*. § 481.002(38). "To prove unlawful possession of a controlled

9

substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005), *abrogated on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 n.32 (Tex. Crim. App. 2015).

Jones asserts on appeal, "No contraband was found at all when Appellant was originally detained, despite a pat down." But Smith testified she did not pat Jones down, and although she left open the possibility that another officer may have performed a quick pat-down for weapons, Smith explained such a pat-down may or may not have been sufficient to find the bottle. The bottle was in an intimate area of Jones's clothing and was found only when the nurse undressed Jones for the purpose of catheterization. Jones also argues there were at least four other people with him during the time he was unconscious, either while he was en route to the hospital or in the emergency department, but he does not cite any evidence they did anything improper, and the jury was not allowed to draw conclusions based on mere speculation. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). That said, to the extent competing inferences could have been drawn from this evidence, "we presume that the jury resolved the conflicts in favor of the verdict." *Id*.

We conclude there was sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that the bottle was in Jones's possession

10

and that he knew it was there. *See Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006) ("presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., 'links'), may well be sufficient to establish [the possession] element beyond a reasonable doubt"). Based on the bottle's appearance and odor, Officer Smith believed the bottle contained PCP, and laboratory analysis confirmed this to be true. Combined with Smith's and Scott's testimony concerning Jones's appearance, odor and condition, a rational factfinder could have found beyond a reasonable doubt that Jones knew the bottle contained contraband.

Regarding the chain of custody of the bottle and its contents, the jury heard testimony that Scott promptly handed the bottle over to a law enforcement officer, after which Smith seized it, placed it in an envelope and logged it into evidence. Price testified the envelope was transferred to the lab, and Aardhal testified the contents were tested and found to have been PCP. "The authentication requirement for admissibility is met once the State has shown the beginning and the end of the chain of custody, particularly when the chain ends at a laboratory." *Martinez v. State*, 186 S.W.3d 59, 62 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). Any intermediate gaps between the initial seizure of the bottle and the laboratory's analysis of its contents would go to the weight of the evidence. *See id*. We do not reweigh evidence. *See Williams*, 235 S.W.3d at 750.

Viewing the evidence in the light most favorable to the verdict, we conclude the cumulative force of the evidence is such that a rational trier of fact could find beyond a reasonable doubt that Jones was guilty of the offense of possession of a controlled substance because he had control, management, or care over the substance and knew it was contraband. Because we have found the evidence sufficient to sustain the conviction for possession of a controlled substance, we overrule Jones's last two issues.

## Conclusion

Having overruled all of Jones's issues on appeal, we affirm the trial court's judgment.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on May 28, 2024
Opinion Delivered December 4, 2024
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.